## Respublica *against* John Hannum, Esq.

Information will not be granted against a justice of peace for extortion and oppression, where he has taken the usual fees, though illegal, and there has been no criminal intention.

A RULE has been made at last term, on the defendant, a justice of the peace of Chester county, to shew cause, why an information should not be granted against him for extortion and oppression.

This rule was granted on the affidavit of Hazael Thomas, who deposed, that on a prosecution against him and sixteen others, for a riot and assault and battery, the defendant had received from him, for justice's fees alone, 25l. 3s. 6d. according to a bill produced and filed by him.

The bill was as follows:—

Respublica
*v.*
Thomas and 16 others.

|  | £. | s. | d. |
|---|---|---|---|
| 17 warrants, | 1 | 6 | 6 |
| 18 Recognizances, | 1 | 7 | 0 |
| 13 Affidavits, | 3 | 0 | 0 |
| 14 Recognizances of witnesses, | 1 | 1 | 0 |
| Taking and entering 13 examinations, | 0 | 19 | 6 |

|  | £ | s | d |
|---|---|---|---|
|  | 7 | 14 | 0 |
| Respub. *v.* same—Same fees on ass't. and batt'y. | 7 | 14 | 0 |
| Respub. *v.* same—Same fees, | 7 | 14 | 0 |
| Respub. *v.* Custard, | 2 | 8 | 7 |
| £. | 25 | 10 | 7 |

The fact was, that a writ of estrepement had issued from this court, in an ejectment commenced by the lessee of the said Hazael Thomas and others, against James Cummins, for certain lands in Chester county. The sheriff deputed a person to serve the same, who with his party was guilty of great outrage and irregularity in the execution thereof. Warrants issued against them and cross warrants against their opponents. In the event, bills of indictment were found against fourteen of Thomas's partisans, who were at length acquitted by the traverse jury.

Mr. Hannum now appeared, and purged himself on his affirmation, of any intention of oppression. He declared, that *when James Cummins applied to him for warrants against seventeen different persons for the riot, he used his endeavours to accommodate the dispute, and told the applicant that it would be attended with heavy expenses. Upon the application of the opposite party for warrants, he pursued the same line of conduct. Both sides however were

[Respublica *v.* Hannum.]

too eager for the different prosecutions, to be put off in this manner; and at last he found himself constrained to bind them all over to the sessions. He continued acting in this matter as a justice for above the space of three weeks. When the actions were settled, Thomas called on him for his bill of costs. He made him the bill produced, but at the same time told him, if he was dissatisfied therewith the bill should be taxed by the justices. Thomas replied, the bill was much more reasonable than he expected, and expressed his full satisfaction therewith. The defendant further declared, that if he had erred in his conduct, his error was unintentional; that he had pursued the usual practice of the justices of peace of Chester county, and produced certificates of five of the justices thereof; that on a meeting had of the members of the court some years after the revolution, to regulate their fees, they had agreed to charge 2s. 6d. for each name included in a state warrant, and that this was the general usage of justices of the peace of that county.

Mr. Hannum's affidavit was confirmed and corroborated in several particulars by other depositions, which were produced to the court.

Messrs. Wilcocks, Tilghman and Porter for the defendant, now shewed cause why an information should not be granted. They said, it clearly appeared there was no intention of oppression, nor in fact had Thomas with all his zeal and heat, swore that he believed there was such intention. Mr. Hannum had endeavoured to reconcile the disputants, but could not: he had proceeded reluctantly in the business. He has proved by the certificates of other justices of reputation, that the charges he made for his fees were according to the usual practice of the county; that they had agreed them to be the proper and legal charges in a large and general meeting, taking into consideration the *quantum meruit* for services not enumerated in the act of assembly; and the prosecutor shewed his satisfaction with the bill produced, declined having the same taxed by the court, and actually paid it under the sense of its being a reasonable bill. It further appeared from the evidence, that he had reduced the constable's bill from 15l. to 5l. 18s. 6d., and another bill from 11l. to 5l. 18s. This shewed clearly, that there *was no malicious or oppressive intention: There might be an error of the head, [*73 but not of the heart.

They insisted that an information would not lie against a justice of peace, unless there was corruption, oppression, or bad motives in him. If his judgment be wrong, but no malicious or oppressive intent, information would not lie, 1 Burr. 557, nor for mere error of judgment. 2 Burr. 787, 1162. Though the behaviour of a justice be not justifiable in all its parts, information will not lie. 2 Burr. 719.

[Respublica *v.* Hannum.]

*E contra*, Messrs. Sergeant, J. B. M'Kean, and T. Ross contended that the court would grant an information on reasonable grounds. 2 Haw. 262, § 8. An information will lie against a justice when he acts *malâ fide*. 3 Burr. 1716. No custom, agreement, or combination of justices of the peace can alter the law as to their own fees. Since the revolution, the mode of taxing fees by almost all officers has become very exceptionable. Too many, who dishonor the commission of the peace by their conduct, give just cause to suspect that, in their idea, *stat pro ratione voluntas*. The legislature have ascertained what fees a justice of peace is entitled to, by an act of assembly passed 22d August, 1752, (old edition of Laws, p. 242.) If these are not adequate to their services, the legislature only are competent to effect an increase. No further or other fees can now be legally laken. It is obvious to the first view, that a bill of 25l. 3s. 6d. for justice's fees on one prosecution, by splitting and dividing supposed offences, is extravagantly enormous. The apothegm of Lord Bacon, that a sheep could not fly to a bush for shade or protection, but he must lose part of his wool, is verified here beyond the strongest imagination of his lordship! For Thomas has been most hideously shorn! The bill produced *ex naturâ rei*, must have originated from oppressive motives. The practice of a justice of peace in charging 2s. 6d. or 1s. 6d. for each person contained in a warrant for riot or assault and battery, is not grounded in law, or reasonable in itself. In point of trouble, there is only an additional name in the warrant. One oath or complaint is sufficient to ground it upon. No prothonotary charges more for any process, when there are a dozen named in it, than when there is but a single person; and no sheriff ever charges more than single mileage, on serving either original or judicial process against several defendants in the same writ.

*Per Curiam.* The charges againt Mr. Hannum are extortion and oppression. Probable cause was shewn why the rule should be taken.

*The defendant has now shewn cause, that he has not taken more fees than were usual in Chester county. This is proved by the certificates of five gentlemen in the commission. But the rule of charging fees by the justices of Chester county is certainly illegal. It is a greater gratuity than any officers usually receive for their services. By an act of assembly passed 27th November 1779, the right of an officer to take fees, as regulated by law or practice was recnized; but it could not have extended to an usage like the present. The justices had no right or power to fix their own fees. The defendant's conduct, therefore, was not justifiable, but is against law.

The next question is, whether it is excuseable. It does not appear to us that there was a disposition in the defendant to

[Respublica *v.* Hannum.]

oppress.   He endeavoured to accommodate the dispute; he declined issuing his warrants.   A justice of the peace is not bound to issue his warrant whenever it is applied for.   He must use a legal discretion, and determine, on a mature consideration of all the circumstances, whether a warrant should issue.   There appear no criminal intentions, passionate expressions, threats, or partiality.   It is proved that the prosecutor, believing the bill to be reasonable, actually paid it willingly.   We are therefore unanimously of opinion, that there are no proper grounds for a prosecution by way of information.

At the same time we publickly express our opinion, that the fees are illegal; and we hope after this discussion, that such practice will be discontinued.   After a recognizance was taken to answer for the riot, warrants should not have issued for the assaults and batteries, which were the overt acts of the former offence.   The whole was perpetrated at one time, and must be considered as one offence.   We are also of opinion, and recommend it to Mr. Hannum, that his bill should be properly taxed, and that he should return to Thomas the monies not due under such taxation, and discharge him, paying costs.

The defendant requested hereupon that the fees might be taxed by the justices of the Supreme Court, at the ensuing court of *Nisi Prius* to be held for Chester county, which was accordingly done by M'Kean Chief Justice and Yeates, and upon a full examination of all the papers and witnesses, Mr. Hannum's bill was reduced to 6l. 6s. 6d.