The amount of the execution, including damages and costs therein mentioned, was 1053 dollars and 95 cents; and the judgment debtor, who was a witness in the case, testified that the defendant demanded and received from him 16 dollars and 4 cents for the fees of collecting; and it was agreed by S. Dana for the prosecutor, and T. Bigelow for the defendant, that the legal fees for levying and collecting, including 30 cents for levying, amounted to 15 dollars and 56 cents, computed as follows, viz.:—
The first 100 dollars, at 4 cents per dollar,.......4
Second do. at 2 do. .......2
854 dollars at 1 do. ....... 8 54
Travel, .................. 72
Levying, ... ............... 30
$15 5ti
*173 The defendant proved that he, having arrested the judgment-debtor, was requested by him to allow him time to procure money to satisfy the execution, or such security for the payment of the contents of it as would be satisfactory to the judgment-creditor; that he did allow him time for that purpose, and was put to extra trouble and expense * thereby; that the [ * 22& ] debtor, while under the arrest, conducted in such a manner as to render it necessary to procure keepers, the expense of which was computed, and occasioned the sum taken to exceed the common fees, and this was, at the' time, declared and stated by the defendant to the debtor.
The Court doubted whether the sum of 30 cents, which was taxed for levying, was authorized by the statute; but it being agreed by the counsel on both sides that the usage in this county had been uniform in taxing that sum in the fees of officers who collected executions, the Court said that, as it respected that part of the sum received by the defendant, the fact would not evince a corrupt intention, and therefore would not bring his case within the statute, though whether he'could, on that ground, justify in a civil action taking that sum was another question. And Sewall, J., who charged the jury, stated that, if they believed the 48 cents excess was taken for extra trouble and expense, they must acquit the defendant, as the sum of 15 dollars and 56 cents was no more than the legal and customary fees; that if they doubted as to that, yet if they believed it was taken from a mistake in computation, or that the defendant thought he had a right to take it, although he had not a strict legal right, they must also acquit; that, possibly, in a civil action, he might be compelled in such case to refund, but the smallness of the sum which was taken beyond the legal fees, rendered it extremely improbable that there should have existed a corrupt intention ; of that, however, the jury were the judges ; but unless the excess were wilfully and corruptly demanded and received, it was not within the statute.
The jury, without leaving their seats, acquitted the defendant. (a)

 [Custom cannot control the positive law, which every officer is bound in know.—Ed.]