Parker C. J.
This case depends upon the construction of the deed of Seth Phelps to the tenant Nooney, under which he claims to hold the land which is described in the petition for partition. The deed, after setting forth a sufficient consideration, describes the property intended to be conveyed, in the following terms, &c. [as before.]
We are to ascertain from the words of this deed itself, whether it was the intention of the” parties to pass the real estate in question by it. The words are singularly chosen for that purpose, for the effect would be to pass the most important subject of the conveyance by general terms, without any description, after having with more particularity conveyed personal estate and choses in action; which is not a natural or usual mode of conveying real estate. The general clause would seem to have been chosen with a view to embrace other things of a like nature with those which had been mentioned, but such as might not have been supposed to pass under the words there made use of. £C All my-goods, chattels, debts, moneys and all other things whatsoever,” would certainly not pass real estate ; for the sweeping clause at the end of the sentence would embrace only things ejusdem generis with those which had been mentioned before.[1] The words real or personal added to this general clause, cannot, we think, in a deed, extend the grant to land, though it might embrace chattels real, such as leasehold estates, if there had *388 been any such in the possession of the grantor.* [2] But there are other parts of the deed to be taken into view "n giving its construction. The habendum is to the grantee, “ his executors, administrators and assigns ” ; these are the usual words of limitation in the conveyance of chattels or personal property ; and though they would not be conclusive evidence oí the intent, standing by themselves, as the parties may have been ignorant of the force of legal terms ; yet as on the same day, a deed of real estate, in proper form and with proper words of limitation, was made by the grantor to the grantee, it may be presumed that had the deed in question been intended to pass real estate, proper words would have been used to insure the title. The word forever, at the end of the habendum, shows an intent to make an absolute conveyance, unlimited in its nature, of whatever was considered as embraced in the deed ; and yet the words of limitation are such as to give the grantee only an estate for life, if land was the subject. In the case in Cowper, 299, referred to by the counsel for the tenant, the words, “ all effects, real and personal, ” in a will, were construed to pass real estate in fee ; but this labored much with the court, and it was by the aid of other words in the will showing an intention in the testator to pass all his estate, that they came to this conclusion.[3] It is well known that much more latitude is taken in the con struction of wills than of deeds. For though both are to be construed according to the intent of the parties, to be gathered from the instrument itself,[4] yet as wills are more frequent *389 ly written by unskilled persons than deeds, and as they constitute a gift rather than a contract, and perhaps more especially, as they have been more constantly the subject of chancery jurisdiction, equitable rules of construction have been more frequently applied to them than to deeds.* [1] But even m the case of wills, words of very general import have not unfrequently been restrained in their operation, by preceding words with which they were connected.
Thus in the case of Timewell v. Perkins, 2 Atk. 102, a clause in the will ran thus ; “ Item,, all those my freehold lands and hop-grounds, with the messuages or tenements, barns, &c., now in the tenure and occupation of the widow Leach, and, all other the rest and residue and remainder of my estate, consisting in ready money, plate, jewels, leases, judgments, mortgages, &c., or in any other thing whatsoever or wheresoever,, I give,” &c., and it was held, as to the “ residue,” that real estate did not pass. Mr. Justice Fortescue, who tried the cause, said, ‘‘The word estate itself indeed may include as well real as personal; yet when the testator has expressed himself by such words as are applicable to personal only, I cannot intend he meant the real estate. Whatsoever and wheresoever must be confined to the things antecedent.” And he says “ although it would have been stronger, if the word real had been added, yet however this will not do, unless there are some words that show the intention to pass the real estate.”
There are other considerations which have been presented to us in argument, which go strongly to show that this deed was never intended by the parties to convey real estate. On the same day a deed of conveyance in proper form, containing a description of the land conveyed, was executed. How happens it that another tract of land should have been conveyed in an instrument principally intended for-the conveyance of chattels and choses in action, and by which the land can *390 pass only by implication under the term thing ? This word, t0 be sure, is of extensive signification, and in common parlance may intend all matters or substances in contradistinction to person; but it is the first time we remember to have seen it used in a legal instrument, to express a grant of land. A deed of ££ all things whatsoever, whether real or personal,” without any description of, or allusion to, any particular tract of land, we hardly think would be sufficient to pass lands and tenements. A description of the land conveyed, either general or particular, seems essential to a conveyance of real estate.
Neither has the tenant treated this as a conveyance of land, for he did not procure it to be recorded, as he did the deed of the other lot of land which was executed on the same day. And he showed this land to the appraisers of Seth Phelps’s estate, as part thereof, after his decease. These circumstances, to be sure, cannot be taken into view by us in construing the words of the instrument, but they show that the equity of the case is perfectly consistent with the law.* [1] His possession of the land has not a contrary tendency, as Seth Phelps lived with him after the execution of the deed ; and as the tenant, his wife being an heir, would naturally continue the possession until called to surrender it by the coheir.
Verdict set aside and a verdict entered for the petitioners, and judgment that partition he made.

 Cavendish v Cavendish, 1 Bro. C. C. 467 ; Sutton v. Sharp, 1 Russ. C. C. 146 ; Collier v. Squire, 4 Russ. C. C. 467 ; Kendall v. Kendall, 4 Russ. C. C. 360 ; Tucker v. Clisby, 12 Pick. 25, 26 ; 2 Wms's Exec. 746.

 See Doe v. Meyrick, 2 Tyrwhitt, 178 ; Treasurers v. Lang, 2 Bailey, 430.

 The word u effects” will not carry real estate unless there be other words in the will showing that to be the intention. Doe v. Dring, 2 Maule & Selw. 448.

 As to the force of intention, in the construction of deeds, see Cruise’s Dig. tit. 32, c. 23, § 2. Throckmerton v. Tracy, Plowd. 154. The intent directs gifts and grants, more than words. Id. 160 ; Jackson v. Delacroix, 2 Wendell, 438 ; Shep. Touch. 87 ; Dormer v. Parkhurst, 3 Atk. 136 ; Earl of Clanrickard’s case, Hob. 277 ; Jackson v. Blodget, 16 Johns. R. 179 ; Leonard v. Hall, 1 Pick. 31 ; Bridge v. Wellington, 1 Mass. R. 219.
On the influence of intention in the construction of devises, see Ram on Exposition of Wills, 1, 2, (Law Libr. No. 24, p. 1); Doe v. Laming, 2 Burr. 1112; Harvey v. Aston, 1 Atk. 377 ; Watson v. Foxon, 2 East, 42 ; Thellusson v. Woodford, 4 Ves, 341 ; Annable v. Patch, 3 Pick. 360.
But the intent must be consistent with the rules of law Cruise’s Dig. tit *389 32, c. 23, § 3 ; Doe v. Laming, 2 Burr. 1112 ; Hollingsworth v. Frye, 4 Dall 347 ; Plowd. 162 b ; Corbet's case, 1 Rep. 85 b ; Pybus v. Milford, 1 Ventr. 379 Bridge v. Wellington, 1 Mass. R. 227 ; Leonard v. Hall, 1 Pick. 31.

 See 2 Bl. Com. 381 ; Bagshaw v Spencer, 2 Atk. 380 ; Ram on Exposion of Wills, 1, (Law Libr. No. 24, p. 1).

 See Choate v. Burnham, 7 Pick. 274. It is held in Ringgold v. Ringgold, 1 Harr. & Gill, 74, that a court cannot be aided in the construction ck an agreement by the acts which the parties have done under it.