## CLEAVELAND *vs.* THE STATE.

[INDICTMENT AGAINST JUSTICE OF THE PEACE FOR EXTORTION.]

1. *Statutory provisions regarding extortion.*—Section 3225 of the Code, defining and fixing the punishment of extortion, contains a typographical error, in the omission of the word *or*, in the fourth line, before the word *other:* the true reading of the section, as shown by the MSS. of the Code, is as follows: "Any justice," &c., "who knowingly takes for services not actually rendered, *or* other or greater fees than are by law allowed," &c.

Cleaveland v. The State.

2. *Constable's fees for levy of attachment.*—The service of a summons of garnishment, upon a person indebted to the defendant in attachment, is a levy of the attachment, within the meaning of the act (Session Acts 1845-6, p. 163) regulating the fees of constables in Mobile.

3. *What constitutes extortion.*—An officer cannot be convicted of extortion, (Code, § 3225,) unless he designedly made charges for services which he knew had not been rendered, or for which he knew that no fees, or fees other than those charged, were allowed; and the fact that, in making out a bill of costs, the aggregate amount of costs charged is less than the full amount which he was entitled to charge, although some illegal items are included, is a strong circumstance to show the absence of the corrupt intent which the law was designed to punish.

FROM the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

THE indictment in this case charged, that the defendant, "being a justice of the peace for Mobile county, knowingly took from William H. Weed fifty cents for issuing garnishment, fifty cents for examination of garnishee, and seventy-five cents for service of garnishment, these being other and greater fees than are allowed by law for such services." "On the trial," as the bill of exceptions states, "the State proved by one A. M. Quigley, who was the only witness examined in behalf of the prosecution, that he was garnisheed in a certain cause pending in the defendant's court; that he told the constable he owed the money to the defendant in attachment, and, whenever he wanted the money, to let him know, as Weed was poor, and he wanted no costs that could be avoided; that he never was examined as a garnishee, but, when informed that the money was wanted, voluntarily paid the judgment and costs to said defendant, taking his receipted bill of items therefor. The State then offered said receipt in evidence, and closed." This receipt, of which a copy is appended as an exhibit to the bill of exceptions, shows that the items of costs collected from said Quigley by the defendant were as follows: "Bond, affidavit, and attachment, $1,25 ; levy, and docketing cause, 80 cents; garnishment, 50 cents ; garnishee answering, 50 cents; service, 75 cents ; affidavit and certifying, 25 cents; *fi. fa.* 40 cents; making money, 75 cents."

"The defendant gave in evidence his docket, containing his entries as magistrate in the case against said Weed, wherein said Quigley was garnishee, and the original papers in said cause; establishing their identity, and the issue and service of summons on the garnishee by the constable, but no other levy; all of said papers being served by the constable, whose name was signed to all the returns. The proceedings had in said cause, as exhibited by the docket and papers, were as follows: 1st, an affidavit and bond for attachment; 2d, a writ of attachment, with a summons for garnishee on the back of it; 3d, a subpœna for two witnesses; 4th, a judgment *nisi* against the garnishee; 5th, a *sci. fa.* for the garnishee; 6th, a judgment against the defendant in attachment; 7th, a judgment final against the garnishee; and 8th, an execution against the garnishee. It was proved, also, that the two witnesses claimed their attendance, and that the execution was returned by the constable 'satisfied.'

"The court charged the jury, that there were two items in the bill given by the defendant to said Quigley, to-wit, the fee for levy of attachment, and the fee for the issue of the summons for garnishee on the attachment, for which said defendant had no right to charge; and that if they believed said defendant had knowingly made and received such charges in his official capacity, in the city and county of Mobile, within twelve months before the finding of the indictment, then the State had made out its case.

"The defendant contended, by his counsel, that although there was a fee taxed in the bill of items for services for which the law allowed no compensation, yet the evidence and papers in the case showed that, in the aggregate, he was entitled to more costs than he had received; and that, in point of fact, he had only received five dollars, when he was really entitled to more. But the court further charged the jury, that though the defendant was entitled, by reason of other items, to more costs than he had actually charged and received, and had only received five dollars, when he might have been entitled to charge more for other items; yet this was no defense for charging for items which he did not perform, though it

Cleaveland v. The State.

could go to the jury, as a circumstance for them to look at in assessing the amount of the fine."

To these charges of the court the defendant excepted.

OVERALL & MOULTON, for the defendant.—1. The only two items of costs alleged to be extortionate, as shown by the bill of exceptions, are the charges for levy of attachment, and for issuing summons of garnishment, together amounting to $1,25. That the service of a summons of garnishment, written on the back of an attachment, is a levy of the attachment, was expressly decided in Thompson v. Allen, 4 Stew. & P. 184. A constable's fee for levying an attachment, under the local act of force in Mobile, is 75 cents; and a justice's fee for issuing summons of garnishment, under section 3049 of the Code, is 50 cents.

2. If either of these items was improperly charged, still the defendant could not be convicted of extortion, under the evidence in the case, because the sum total of the costs charged and collected by him did not amount, in the aggregate, to as much as he was entitled by law to charge. A corrupt intention is a necessary ingredient of the offence of extortion.

. M. A. BALDWIN, Attorney-General, *contra*, cited Bishop's Criminal Law, vol. 1, § 424, and authorities referred to in note; 2 *ib.* 326–40.

R. W. WALKER, J.—By section 3225 of the Code, as it is found in the printed copy, any justice, clerk, sheriff, or other officer, "who knowingly takes for services not actually rendered, other or greater fees than are allowed by law for any services done by him, is guilty of extortion," &c. By reference to the manuscript Code deposited in the office of the secretary of state, we find that the word *"or,"* after *"rendered,"* is by a typographical error left out of the printed copy; so that, according to the true reading, any officer named is guilty of extortion, if he "knowingly takes for services not actually rendered, *or* other or greater fees than are by law allowed for any services done by him."

2. The court charged the jury, that there were two

items in the bill of costs introduced in evidence, for which the defendant had no right to charge—namely, the fees for levy of the attachment, and the issue of the summons of garnishment. The bill of costs was, upon its face, designed to embrace the costs both of the justice and constable ; and those to which the constable was entitled must be considered as having been collected by the justice for him. Construing the charge in connection with the evidence, it is obvious that the jury must have understood it, and so we presume the court intended it, as an instruction that the fees alluded to did not constitute a part of the legal costs of the case. In reference to one of these items, we think the court erred. By the "act to regulate the fees of constables in the city of Mobile," approved January 31st, 1846, (Acts '45–6, p. 163,) constables are allowed 75 cents for levying an attachment. In this case, an attachment was issued, but was not levied otherwise than by the service of a summons of garnishment upon a person indebted to the defendant in attachment: We think that this was a levy of the attachment, within the meaning of the act just cited ; and that the constable was entitled to the prescribed fee therefor. In Thompson v. Allen, 4 St. & P. 184, this court said : "The statute treats a levy upon property by attachment as equivalent to the personal service of process, and the summoning of one indebted to the defendant is the levy of the attachment upon property." See, also, Tillinghast v. Johnson, 5 Ala. 514 ; Drake on Attachment, § 453.

3. The court also charged, that "if the defendant had knowingly made such charges, and received them in his official capacity," the State had made out its case. This language is, perhaps, open to criticism, as being calculated to mislead the jury. According to our view of the statute, the officer charged with extortion is not guilty, unless it appears that he has designedly made charges for services which he knew had not been rendered, or for which he knew that no fees, or fees other than those charged, were allowed. It may be that, from proof that the charge was made for a service which had not been rendered, or for a service for which the law did not

allow the fee collected, the jury might feel authorized to infer that the fee was *knowingly* taken within the meaning of the statute. But an officer may, in one sense, knowingly make the charge, and receive the fee, while acting under the *bona-fide* belief that the services had been rendered, and that the fee was legally due; and in that case, we do not think that he should be considered subject to punishment under this law. The statute was designed to reach officers who intentionally charge and take fees which they know at the time they are not authorized to collect. The design on the part of the officer to collect fees to which he is not legally entitled, constitutes the corrupt intent which is the essence of the offense.—2 Bishop's Cr. L. §§ 326–7, 331; Wharton's Am. Cr. L. §§ 2508–9; Respublica v. Hannum, 1 Yeates, 71; Runnells v. Fletcher, 15 Mass. 525; Commonwealth v. Shed, 1 Mass. 227; People v. Whaley, 6 Cowen, 661; 1 Bishop's Cr. L. §§ 227, 229, 233, 240, 242, 253.

When an officer, who is applied to for a bill of costs by a person liable to pay them, makes out a bill in which less costs in amount are taxed than are really due, and collects the same, is he guilty of extortion under section 3225 of the Code, if, though he has omitted items which he was legally entitled to collect, he yet charges and receives other fees for services which were not rendered? If the settlement was designed by both parties as a settlement of all the costs of the case, we are not now prepared to say that the officer would be guilty of extortion, unless the fees collected amounted, in the aggregate, to a larger sum than the fees which he was authorized to receive. Without at this time expressly deciding the question here suggested, it is at least clear, that the fact that the officer had collected, in settlement of the costs,· a less amount in the aggregate than he had the legal right to demand, would be a strong circumstance denoting the absence of that intention to collect more costs than he was authorized to take, which seems to be the chief constituent of this offense.—1 Bishop's Cr. L. § 253, § 424, and authorities *supra*.

Judgment reversed, and cause remanded.