Lipscomb, J.
The case is not presented with as much perspicuity as it is desirable that such eases should be. There Is no return of the proceedings before the justice of the peace, and we can only ascertain from the petition and the evidence what was the precise object of the suit, whether to recover the penalty of four-fold or to recover back money paid for labor not performed by the survey01' — two grounds of action believed' to be materially different. If for the hist, the amount of money so paid for work not done would be recoverable, not under the statute, but on an implied obligation. On the former the statute should be strictly observed, aud the penalty recoverable would be four times (he amount of fees improperly charged and received. The statute prescribing the. penalty on which four-fold is fixed as the amount recoverable is found in Hartley’s Digest, art. 1376, and is in the following words: ‘‘That if any of the officers herein named shall demand and receive any other or higher fees than are prescribed in f his act for any of the sendees herein mentioned, he shall be liable to the party aggrieved for four-fold the fees so unlawfully demanded and received, to be recovered in any court of competent jurisdiction,” &e. So much for his liability to the party aggrieved ; but he is liable further to be fined on mi indictment and removed from office. The fees allowed and mentioned will be found in a preceding section of the same act in art.
(1369)) of Hart. Dig., as follows: “For surveying- any tract of land, for each English lineal mile actually run, including- all expenses of making the survey and returning the plat and field-notes of survey, three dollars a mile.” In the petition for Íbe certiorari it. is alleged that “petitioner proved positively that the said Hays only surveyed one-half the quantity he charged your petitioner for, and there was no oonilicting testimony whatever.” This allegation, together with what lias been previously stated as the grounds in support of the prayer for a certiorari, and the plaintiff's own witness, Camp, who swore that he run (wo linos, and that the other two liad been run for other persons, and that he, the witness, who was the deputy surveyor who performed the work, took the bearings of the two lines that had been run, and returned his field-notes properly certified and approved, shows clearly that there ugis no dispute, us to the rate of fees, nor was there any evidence of any attempt at collecting higher fees than allowed by law. If the surveyor was entitled to pay for t he ‘four lines embracing the tract of land surveyed for Stewart lie was not charged too much. It was a dispute about this right and not about, the fees. The surveyor, no doubt, was in an error as to his right to charge for all the lines of the tract when he only run two of them, and he was Hable to rei'nud the excess, and if not paid it could be recovered from him, but not under the. statute, but under the implied obligation, because the facts charged and proved show, (hat he did not cl large a higher rate of fees but for more work than the law allowed him to charge for. It is a well-established rule of law that in a suit to recover a penalty imposed by statute the charge should be specifically made and fully proven. The statute imposing a four-fold penalty to he paid to the party aggrieved, besides a liability to be fined and removed from office, is highly penal in its character, and was doubtless intended to punish a willful violation of law and not a mistake that might honestly be made. Now, there can be no doubt that three dollars per mile was the fee allowed, but there may have been tut honest difference of opinion as to *181 the right to charge ior the other two lines, on which observation was to he takeiTand their departure ascertained to enable a correct diagram oí the survey to be made and returned.
We, however, have no doubt but that the surveyor was only entitled to pay for the lines actually run, and the suit should have been brought to recover back this excess paid to him by the plaintiff and not ior the penalty. Such an action would have settled the law as to his rights without charging- a misdemeanor where it was not committed nor intended.
We therefore believe the judgment ought to be reversed and the cause dismissed, which is accordingly ordered.
Reversed and dismissed.