# Collier v. The State.

*Indictment for Extortion.*

1. *Extortion; what constitutes.*—To constitute the statutory offense of extortion (Rev. Code, § 3593), the officer must have acted in an official capacity, and not as a private individual—must have demanded or accepted, under color of his office, fees to which he was not entitled, from a person for whom he had rendered official services, or from whom he had a right to demand a fee.

FROM the Circuit Court of Chilton.
Tried before the Hon. JAMES Q. SMITH.

The indictment in this case contained several counts, which charged, in substance, that the defendant, as county

[Collier v. The State.]

solicitor, knowingly received from one Reynolds, in the prosecution of three cases against Ben Stevens for petit larceny, greater fees than he was by law authorized to charge and receive. On the trial, as appears from the bill of exceptions, the State introduced J. H. Hannon as a witness, who testified, "that he was a notary public, and *ex officio* a justice of the peace in said county; that Ben Stevens was arrested and tried before him under the charge of petit larceny, was convicted, and sentenced to hard labor for the county for forty days; that J. M. Reynolds, the uncle of said Stevens, came to him two or three days after the trial, and asked him if he could do nothing to help him get his nephew out of the chain-gang; that he, witness, at the request and suggestion of said Reynolds, went to see the defendant, who was the county solicitor of Chilton county at that time, and asked him to come and see Reynolds; that the defendant refused to go, until witness had visited him three times, stating, on each application, that he was the county solicitor, and could not take a case against the State; that he did eventually go to see said Reynolds, and told him that, as he was the solicitor, he could not take the case; that Reynolds insisted he should advise him what to do, and said that he was willing to pay him for his advice; that defendant told him, he could not advise him as solicitor, because his duty required him to prosecute for the State, and that he intended to prosecute these cases to the bitter end, but, if Reynolds would pay him twenty dollars, he would advise him as a lawyer what to do; that Reynolds thereupon paid him twenty dollars, and the defendant then advised him to give bond and appeal to the County Court. This witness further testified, that the fees in the County Court, including the solicitor's fee of $7.50 in each case, were paid to the judge of the County Court after the indictment in this case had been found. The judge of the County Court testified, that said Ben Stevens was tried in his court, and was convicted in the two cases, and that the defendant prosecuted as solicitor in each case. The venue was proved, and that it was within twelve months before the finding of the indictment." The testimony of said Reynolds, which, in his absence, was admitted by consent, was substantially the same as that of Hannon.

"The above being substantially all the evidence in the case," the defendant requested the following charges to the jury, which were in writing, and were refused by the court:

"1. If the defendant received twenty dollars from Reynolds, for advice given to him, at his request, touching or relating to the taking of an appeal or appeals by Stevens from one or two convictions for a misdemeanor by J. H. Hannon, a

[Collier v. The State.]

notary public, and *ex officio* justice of the peace in and for said county; and if the defendant was at the time an attorney-at-law, and refused to give any advice, or to render any service as solicitor, or by or under color of his office as solicitor, and did not give any advice, nor render any service as solicitor, or under color of his office, touching said matter of appeal in behalf of Stevens; and if the defendant did not receive said twenty dollars as solicitor, or under color of his office, but did receive it in good faith, merely as an attorney, and not otherwise; then, upon this state of facts, such receipt of said sum of money does not authorize the conviction of the defendant under the present indictment for the offense of extortion.

"2. If the services for which Reynolds paid the defendant twenty dollars were not rendered by the defendant as solicitor, or under color of his office, but simply and merely as an attorney, notwithstanding defendant was the solicitor; and if the said sum was not paid to him as solicitor, or under color of his office, nor received by him as solicitor, or under color of his office; and if the sum thus paid was received by defendant in good faith, and under the honest belief (however erroneous) that he might properly receive it; then such receipt of said sum does not authorize the defendant to be found guilty of extortion under the present indictment."

The refusal of these charges, to which exceptions were duly reserved by the defendant, is now urged as error.

O. KYLE, for the defendant, cited Bishop's Criminal Law, vol. 2, p. 392, and authorities there referred to; *Cleaveland v. The State*, 34 Ala. 254; *Dunlap v. Curtis*, 10 Mass. 210; 4 Bla. Com. § 22.

JOHN W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The statute under which the indictment is found, inflicts a penalty on a public officer, compensated for official services by fees, who receives for services not rendered the fee allowed if the service had been rendered, or any fee whatever; or who, for services rendered, takes other and greater fees than the law prescribes.　R. C. § 3593.　The offense cannot be committed, unless there is a right to demand a fee of the person paying it, or unless official service has been rendered for such person, for which a fee cannot be demanded.　The object of the statute is the punishment of the abuse of official power—not the obtaining money by mere impropriety of conduct, or by fraud, by persons filling official position.　In *Cleaveland v. The State*,

34 Ala. 259, it is said: "The statute was designed to reach officers who intentionally charge and take fees which they know at the time they are not authorized to collect. The design on the part of the officer to collect fees to which he is not legally entitled, constitutes the corrupt intent, which is the essence of the offense. Demanding money of a person for whom no official service has been rendered, and on whom the officer has no claim whatever, is not extortion. It may be a cheat, or it may constitute obtaining money under false pretenses; but it is not the offense against which the statute is directed." *Dunlap v. Curtis*, 10 Mass. 210.

In this case, the money obtained from Reynolds was not for any official service rendered to him, nor was he under any obligation to pay for any service rendered to any other person. It was not extorted by color of office; and, however great may be the moral impropriety of taking the money under the circumstances, it is not a criminal offense. A taking under color of office is of the essence of the offense. The money or thing received must have been claimed, or accepted, in right of office, and the person paying must have been yielding to official authority. The rendition of services not official, and the acceptance of money for such services, not in an official capacity, but as a private individual, acting wholly as such, and disclaiming any purpose to act as an officer, and not exercising official authority, however inconsistent with official duty may be the rendition of such service, is not the offense defined in the statute. There was evidence, uncontradicted, that the money paid the defendant was not for official services, but for advice as an attorney, in a matter on which he was under no duty to advise as an officer, and that he disclaimed acting as such in giving the advice, and therefore demanded for it compensation as an attorney. Under these facts, though the defendant may have been guilty of official infidelity, the wrong was to the State only, and no wrong was done the person paying the money. That wrong is not punishable under this indictment. Private and public wrong must concur, to constitute extortion.

The first and second charges requested by the defendant should have been given, and the court erred in refusing them. The judgment is reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.