M. LOOSCAN V. THE COUNTY OF HARRIS.

(Case No. 1339.)

1. COMMISSIONERS' COURT.— The commissioners' court of a county has the exclusive right to determine whether a suit shall be brought in the name and for the benefit of such county, except in a case where a concurrent or exclusive right is conferred on some other officer or tribunal by the legislature, to exercise in some specified case a like discretion.

2. SAME — STATUTE CONSTRUED.— Art. 260, R. S., which directs the district or county attorney to institute suit in certain contingencies against officers intrusted with the collection or safe keeping of public funds, confers on district and county attorneys no authority to institute suit against the wishes of the commissioners' court, to recover back money authorized by them to be paid out of county funds to an attorney retained by them to represent the county, or to enjoin further payments on such retainer.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This suit was instituted in the name of the county of Harris against the following officials of said county, viz.: M. Looscan, the county attorney; John A. Kerlicks, county clerk; Henry Scherffins, county treasurer; C. Anson Jones, county judge; O. C. Mulligan, Robert Blalock, James Harrington and J. C. McDougal, county commissioners. The object of the suit was two-fold — to recover from defendant Looscan $3,002.50, alleged to have been illegally paid to him by virtue of certain drafts issued by the county clerk on the county treasurer in favor of Looscan; and also to enjoin Looscan from procuring further drafts by virtue of the order under which he had previously received said $3,002.50, and to restrain the county clerk from issuing to defendant Looscan such additional warrants.

The petition alleged that the drafts which had been so paid to Looscan were drawn between the 18th of April, 1876, and the 12th of March, 1880, and that all of the amounts paid to him subsequent to the 15th of February, 1877, were paid by drafts issued under order made and entered on the minutes of commissioners' court of Harris county at February term, 1877, as follows:

"Ordered, that M. Looscan, Esq., be allowed compensation at the rate agreed on by the county court at January term, 1874, for services as county attorney up to the 1st day of January, 1877, and that he be allowed for services to the county, required of him by the act of legislature to define and regulate the duties of county attorney, approved August 7, 1876, for the year 1877, the sum of $900 per annum in lieu of all commissions allowed county attorneys

Statement of the case.

by said act; and it shall be his duty to represent the interests of the county in all litigation by or against the county."

That under said order said Looscan still claimed a salary of $900 a year for his services as county attorney of the county; that all the defendants so construed that order; that said Looscan was about to apply to the county clerk to issue him under that order drafts for $500, the amount then claimed to be due him under the order for years 1879 and 1880, and said drafts would be issued by the clerk and paid by the treasurer out of funds of plaintiff unless restrained by the court. Prayer for judgment for $3,002.50 and interest, and for injunction restraining the issuing of any further warrants under the order, and restraining treasurer from paying the same.

It was alleged further that the commissioners' court of Harris county had refused to bring suit, or authorize the bringing of it.

Exceptions of defendant Looscan to the petition were sustained in so far as the petition claimed a recovery of the money already received by Looscan, viz., $3,002.50. The cause was tried upon the injunction branch of the case.

The county judge answered, and among other matters pleaded by him was a general and a special demurrer; and he specially excepted " because, by said pleadings, this county is called upon to revise or reverse the action already had, and to prevent the future action of the commissioners' court upon a matter committed by law wholly to its discretion as a board, to manage the business affairs of Harris county." Answering to the facts, he pleaded that the commissioners' court, acting for the county of Harris, at its February term, 1877, entered into a contract with and retained the services of said M. Looscan as an attorney and counselor at law to defend the county of Harris in certain suits then pending in the district court of Harris county; and also to prosecute and defend all civil suits and actions then pending, or which might thereafter be commenced in which the county might be interested. Also to represent the county in the United States courts of the eastern district of Texas, at Galveston, and in the supreme court and court of appeals of the state of Texas; that for such services the court agreed to pay him $900 in county scrip, which was then below par; that in August, 1877, the county being able to pay cash, changed the contract as to the amount of compensation, so as to make thereafter the sum of $630 per annum. That during the years 1878 and 1879, Looscan continued to represent the county of Harris in all civil suits as theretofore, and the county clerk continued to issue him drafts for the same amount, all of which was done with the full knowledge of the com-

missioners' court, which accepted said services and acquiesced in the issuance of the drafts; that the said Looscan so continued up to the present time to represent the county of Harris as its attorney in civil causes, and was still representing it, and that the salary of $630 "is now being paid him, the said Looscan, with the approbation of said commissioners' court."

On the 13th day of April, 1880, the county commissioners, O. C. Mulligan, Robert Blalock, James Harrington and J. E. McDougal, answered by general demurrer, special exceptions and general denial, and by a special plea denying the right of the district attorney to maintain the suit; and further, admitting the fact that they refused the district attorney authority to bring this suit. They admitted the special employment of Looscan to represent the county of Harris in the federal court of the United States at Galveston, in the supreme court of the state of Texas, and in the district court of Harris county, in suits then pending against the county, and that the services rendered by him were worth more than he was paid therefor; that he was retained by them as an individual attorney and counselor at law to represent and protect the interest of the county in matters wherein he was not required by law to do as its county attorney, and that he rendered, and was rendering, valuable services in the protection of the interests of the county. They denied that the employment of Looscan was continued in force by virtue of the order of February term, 1877, or that warrants were issued to him in pursuance to that order, or that the order of the February term, 1877, embraced the nature of the special employment of Looscan with the county and its commissioners' court.

Verdict for plaintiff; decree enjoining Kerlicks, the county clerk, from issuing, and Scherffins from paying to Looscan, any further warrants under the order; costs adjudged against Looscan, and other defendants discharged.

*Hill & Barziza*, for appellant.

*Frank M. Spencer*, for appellee.

I. The commissioners' court had no legal authority to pay an annual salary to the county attorney, M. Looscan, in the absence of a statute permitting it. Const. of Texas, art. V, sec. 21; R. S., arts. 250, 259, 260; Code Crim. Proc., art. 33.

II. The commissioners' court can only make contracts and pay out money of the county when acting as a court; and the authorization of any such contract or payment must be entered on the

minutes of the court. City of Bryan *v.* Page & Sims, 51 Tex., 532.

III. The district court of Harris county did have jurisdiction of the case. Const., art. V, sec. 16.

WALKER, P. J. COM. APP.— The question is distinctly made on the face of the petition, whether the district attorney may, under the authority conferred on him as such officer, institute this action in the name of "the county of Harris," without the consent, and against the will even, of the commissioners' court of said county.

The defendants' exceptions to the action, so far as they sought to recover back from defendant Looscan the money received on the drafts which were issued to him, were sustained by the court, and the cause has proceeded to trial and a final disposition of it below on the remaining branch of the case, viz., as a bill or petition to enjoin the further issuance or payments of drafts in favor of the defendant Looscan, on account of salary or compensation to him under and by virtue of the order passed in 1877.

The commissioners' court, presided over by the county judge, is virtually a council vested with power to manage and direct all such material and financial interests of the county as the laws of the state have confided to its jurisdiction. The management of the financial affairs of the county have always heretofore been vested in tribunals which have existed at different times under various names and designations, such as county court, commissioners' court, etc.; they have, however, all been clothed with similar powers, and like duties have been imposed upon them. The commissioners' court undoubtedly has the right to cause suits to be instituted in the name of and for the benefit of the county, and except where a concurrent right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal or some other officer of the government, the commissioners' court must be deemed to be the *quasi* executive head of the county, vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county.

In the case of Colorado County *v.* Beethe, 44 Tex., 450, Justice Ireland said: "To the county courts is committed the duty and responsibility of providing for the financial welfare of the several counties. The county courts could not be justly held to a strict accountability, as they should be, if the funds they are required to provide, in order to carry on the affairs of the county, can be used,

paid out or in any way disposed of, without the knowledge or con-sent of these courts."

With no less force do these remarks apply to the assumption that suits may be brought at the option of a district attorney, or of any other official, in the name of the county, without the knowledge or consent of the county judge and the county commissioners of the county. Expensive and often unnecessary litigation would in many instances occur, inducing financial embarrassments and abso-lute losses to the county, against which the official guardians of the county's interest in financial matters would be often rendered im-potent to protect. The existence of such a right, in discord and conflict with the powers and duties of the commissioners' court, would promote confusion, create uncertainty and doubt, and in the end might paralyze the power of that court to efficiently regulate the financial affairs of the county.

Among the evils attendant upon the denial of the exclusive right of the commissioners' court to authorize suits in the name of the county, would be that suits might be brought and carried to judg-ment without the knowledge of the commissioners' court of the ex-istence of litigation, the results of which would be conclusive and effectual against the county. In such cases the county would have been deprived of the benefit of the care and judgment of that tri-bunal in whom is reposed the duty of guarding the financial interest of the county. Their timely action in such case might have either prevented the litigation wholly, or else have induced a different and more beneficial result. Yet, if suits may legally thus be brought, it follows that the county is concluded by the judgments rendered against it.

In De la Garza v. Bexar County, 31 Tex., 485, where the chief justice of the county instituted the suit in his own name for the benefit of the county, the court, in the opinion delivered, said: "There is no doubt of the intention that the county should be the real plaintiff herein, but as there is nothing in the record to show that the county authorized the institution of the suit, or took or or-dered any measures to prosecute it, it might be considered doubtful whether the judgment rendered could be pleaded as an estoppel to an action that the county might cause to be instituted in its own name."

Art. 260, R. S., provides that "when it shall come to the knowl-edge of any district or county attorney that any officer in his district or county intrusted with the collection or safe keeping of any public funds is in any manner whatever neglecting or abusing

the trust confided in him, or is in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officers, and to preserve and protect the public interests."

The brief of counsel for appellee cites the above article in support of the proposition that this suit was properly brought by the district attorney. We are clearly of the opinion that the cases contemplated by the article above quoted do not embrace the causes of action against Looscan which are set forth and relied on in the amended petitions before us in this record.

We are unable to discover any statute conferring upon the district attorney a right to institute this suit in the name of the county of Harris, nor is the right to do so deducible from the general duties required by the constitution and laws to be performed by that officer, nor from any of the powers conferred upon him as the representative of the state.

The views which we have expressed on the question at issue are not to be confounded with the doctrine which allows private persons, in certain instances, to sue in their own name or names, officers of the county who may be misapplying or wasting the public funds, or doing other acts which injuriously affect the private citizen. " The jurisdiction of courts of equity to restrain the proceedings of municipal corporations, at the suit of citizens and tax-payers, where such proceedings encroach upon private rights and are productive of irreparable injury, may be regarded as well established." 2 High on Inj., sec. 1236. See also secs. 1237, 1238, 1239 and 1321.

We conclude that the judgment ought to be reversed, and that the supreme court should render the judgment which the court below should have rendered, viz., a dismissal of the suit. See Hays v. Stewart, 8 Tex., 358.

DISMISSED.

[Opinion approved February 9, 1883.]