JACOB FERKEL

V.

THE PEOPLE, ETC.

1. OFFICER—OFFENSE UNDER SECTION 213 OF CRIMINAL CODE.— The offense in section 213 of the Criminal Code can only be committed by an officer authorized to charge fees.

2. PLEADING.—That the defendant was authorized to charge fees is a material averment in an indictment brought under section 213 of the Criminal Code. The averment that the defendant was a " town marshal or police officer " is insufficient, as the latter term does not designate any officer authorized by law to charge any fee.

3. WHAT NECESSARY TO CONSTITUTE OFFENSE.—To be guilty of the above offense, the officer must *have* the process or summons, or whatever legal writ it may be, and must charge, claim, take or demand a greater fee than is allowed him by the statute.

4. SAME.—Even if the indictment was sufficient on its face, as the money was not paid as any fee claimed or taken by the officer in excess of the fees allowed him by the statute, but for the purpose of disposing of a suit then claimed to be pending against the prosecuting witness, such a case is not made out as provided by the statute.

5. CRIMINAL LAW.—Where a person was indicted by the grand jury of Monroe county, for extortion as an officer in said county, and there was no evidence in the record that the offense, if any, was committed in such county. *Held,* that this is a material averment and must be shown by the evidence.

6. JURY—EVIDENCE.—A jury ought not arbitrarily to disregard the testimony of an unimpeached witness. The rejection or admission of testimony must be reasonable and not captious, and must be justified on the ground that it either convinces, or fails to convince the judgment of a candid and impartial man.

ERROR to the County Court of Monroe county; the Hon. WILLIAM ERD, Judge, presiding. Opinion filed April 6, 1885.

Messrs. WINKLEMAN and MORRISON, for plaintiff in error; that the jury has no right to disregard the testimony of a witness without cause therefor, cited Chambers v. People, 105 Ill. 409; Rockford, R. I. & St. L. R. R. Co. v. Coullar, 67 Ill. 399.

Without proof that the offense was committed in Monroe county, the conviction is not sustained by law: Sattler v. People, 59 Ill. 68.

CASEY, P. J. In this case the plaintiff in error was indicted by the Grand Jury of Monroe county for extortion as an officer.

The indictment was by order of the circuit court certified to the county court of that county for "service of process and trial."

Upon a trial in the said county court, the defendant was convicted and fined the sum of twenty-five dollars and the cost of the proceeding. In the county court a motion to quash the indictment, and a motion for a new trial, was interposed by the defendant, and both motions were overruled by the court. Proper exceptions were taken to the ruling of the court.

The errors assigned are:

1. The county court erred in overruling the motion to quash the indictment.

2. The county court erred in giving the instruction on behalf of the people.

3. The county court erred in overruling the motion for a new trial.

4. The verdict of the jury was manifestly against the evidence.

The indictment is based upon the 213th section of the Criminal Code, and the charging part is as follows:

The grand jury, chosen, select and sworn, in and for the county of Monroe, in the name and by the authority of the people of the State of Illinois, upon their oaths, present that Jacob Ferkel, late of the said county, on the third day of August, in the year of our Lord one thousand eight hundred and eighty-four, at and within the said county of Monroe, then and there being a town marshal or police officer for the town of Columbia, in the county and State aforesaid, did as such police officer or town marshal, beyond the incorporated limits of the town of Columbia aforesaid, by color of a certain process commonly called a justice of the peace summons, which the said Jacob Ferkel then and there alleged to be in his possession, willfully and corruptly offer to read and serve upon one Frederick Take, of the county and State aforesaid, and that the said Jacob Ferkel afterward, to wit, on the day and year aforesaid, in the county aforesaid, unlawfully, willfully, corruptly, deceitfully, extortiously and by color of his said office aforesaid, and by color of said justice of the peace summons so offered to be read and served upon the said Frederick Take as aforesaid, did extort, receive and take of and from the said Frederick Take the sum of twelve dollars and fifteen cents, as and for a fee due to the said Jacob Ferkel as such officer as aforesaid, in payment and discharge of the said justice of the peace summons so attempted and offered to be read and served upon the said Frederick Take, by the said Jacob Ferkel as aforesaid. Whereas, in truth and in fact the said Jacob Ferkel did not then and there have any such summons against the said Frederick Take as by the said Jacob Ferkel alleged, nor was there any fee whatever then and there due from the said Frederick Take to the said Jacob Ferkel as such officer aforesaid in that behalf to the evil and pernicious example of all others in the like case offending, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said people of the State of Illinois.

The section of the Criminal Code referred to is as follows:

"If any officer authorized by law to charge fees, shall charge, claim, demand or take any greater fee that such as is by law allowed to him for the service performed, or shall claim, demand or take any fee, or who shall knowingly charge a fee when no fee was allowed him by law, or when the services for which such fee is charged have not been performed by him or by some other person for him, he shall on the first conviction be fined not less than $25 nor more than $200, and upon a subsequent conviction of any like offense, he shall forfeit his office and be confined in the county jail not less than thirty days nor more than one year."

It will be seen that this offense can only be committed by an officer authorized to charge fees, and that there is no averment in the indictment that the defendant was authorized to charge fees. The averment is that the defendant was a "town marshal or police officer."

This is insufficient. That the defendant was authorized to charge fees, is a material allegation, one that must be proven on the trial and averred in the indictment. The charge is that the defendant was a "town marshal or police officer." As town marshal he would be authorized to charge fees, and perhaps it would not be necessary to charge that fact. The court might take notice of the rights of the officer—as a "police officer" there would be no right to charge any fee. The term "police officer" does not designate any officer authorized by law to charge any fee. So that there is no averment of authority to charge fees, and the facts or averments stated in the indictment do not show that the defendant was authorized to charge fees.

The evident intent and object of the statute is to create a penalty against an officer who in the exercise of his official duty charges, takes or demands a greater sum than is allowed him by the law in such cases. The indictment shows on its face that the defendant was not attempting to serve a process or "justice of the peace summons," but that in fact he did not have any process to serve.

To be guilty of this offense the officer must have the proc-

ess or summons, whatever legal 'writ it may be, and must charge, claim, take or demand a greater fee than is allowed him by the statute. This is not charged in the indictment, but it is averred that the defendant did not have any summons or other process against the prosecuting witness. If the indictment was sufficient on its face, the verdict of the jury is not supported by the evidence; the verdict is manifestly and palpably against the evidence. Upon the trial of the cause it was agreed that if the prosecuting witness was present he would state that said Jacob Ferkel, the defendant, approached said Frederick Take, purported to have a justice of the peace summons in his pocket, in favor of Mrs. Krumm, of Columbia, Ill., and against said Take, whom he, Ferkel, intended to serve with said summons, which was issued by Warwick, J. P., of Columbia, in favor of Mrs. Krumm, summoning Take to appear in Columbia, on a certain day, to answer said summons, said suit being brought upon a promissory note, payable to Mrs. Krumm by said Take; and said Ferkel said to Take that he would have the suit dismissed if he would pay him the sum of $12, which Take agreed to pay, and did pay to Ferkel the said sum of $12, in consideration that he would not serve said summons upon said Take, which was then and there paid upon such false representation.

From this statement it is very evident that the $12 was not paid as any fee claimed or taken by the officer in excess of the fees allowed him by the statute, but for the purpose of disposing of a suit, then claimed to be pending against the prosecuting witness and in favor of Mrs. Krumm. In fact no such suit was pending, and the money may have been obtained by false and fraudulent representations, but it is not such a case as is provided for by the section of the statute above referred to.

We have carefully examined the record and have been wholly unable to find any evidence whatever showing that the offense, if any, was committed in Monroe county. That the offense was committed in that county is a material averment, and must be shown by the evidence. Price v. The People, etc., 38 Ill. 436; Salter v. The People, etc., 59 Ill. 68.

Ferkel v. The People.

On the part of the people the court instructed the jury as follows: "The court instructs the jury, on behalf of the People, that they are judges of the law and fact and the credibility of witnesses, and they may admit or discard any evidence they deem proper, and admissions may be taken as evidence."

This instruction does not state the law correctly. It is true that the statute provides that 'the jury in criminal cases shall be the judges of the law and the evidence. Yet the jury are not warranted in disregarding the testimony of a witness when no discrediting circumstances appear; the jury is not authorized to arbitrarily and capriciously disregard the testimony of a witness.

The jury is not authorized to "discard any evidence they deem proper." If that proposition was the law it could make no difference how honest or truthful the witness might be, or how much his statements might be corroborated by other reputable witnesses, the jury might, because of a mere whim or caprice, disregard his testimony entirely.

A jury ought not arbitrarily to disregard the testimony of an unimpeached witness. It is the sworn duty of the jury to consider the entire testimony and render their verdict after a full, fair and just consideration of all the evidence. While they are the judges of the fact, in arriving at their conclusion as to what the facts are they must consider all the testimony, and give it such weight as in their judgment it is entitled to. The rejection or admission of testimony must be reasonable, and not captious, and must be justified on the ground that it either convinces or fails to convince the judgment of a candid and impartial man. Chambers v. The People, etc., 105 Ill. 409; R. R. Q. & St. L. R. R. Co. v. Coultas, 67 Ill. 399; Fisher v. The People, 23 Ill. 283; Schiner v. The People, 23 Ill. 17.

For these reasons the judgment of the county court is reversed.

Judgment reversed.