[No. 7209.  Decided August 8, 1908.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE L. WAINWRIGHT, *Appellant*.[1]

EXTORTION—EVIDENCE—SUFFICIENCY—CRIMINAL LAW—FAILURE OF PROOF—ARREST OF JUDGMENT. Upon a trial and conviction of a coroner upon a charge of extortion in having exacted $100 as a fee for services in connection with an inquest upon one McG., in violation of a statute against the exaction or extortion by an officer of "any greater fees for services than by law stated and allowed," there is a total failure of proof, and motion in arrest of judgment should have been granted, where it appears that the defendant rendered no services and was not entitled to any fees whatever for services in connection with an inquest, and there was no legal obligation on the part of the prosecuting witness to pay any fee in the matter.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered June 17, 1907, upon a trial and conviction of the crime of extortion. Reversed.

*Dave Hammack* and *Smith & Brawley*, for appellant.

*M. P. Hurd*, for respondent.

HADLEY, C. J.—The appellant was prosecuted and convicted in this action for the crime of extortion. The body of the information upon which the prosecution was based reads as follows:

"George L. Wainwright is accused by M. P. Hurd as prosecuting attorney of Skagit county, state of Washington, of the crime of extortion, committed as follows: He the said George L. Wainwright, in the county of Skagit, state of Washington, on, upon, or about the 18th day of February, 1907, then and there being the duly elected, qualified, and acting coroner of Skagit county, Washington, and whose fees are stated by law, did unlawfully, corruptly, extorsively, and by color of his said office, extort, levy, demand of and from one Sam Exktrom the sum of one hundred dollars ($100), lawful money of the United States of America, and of which sum he, the said George L. Wainwright, did then

[1]Reported in 97 Pac. 51.

and there unlawfully, corruptly, extorsively and by color of his said office, extort, levy, demand and receive of and from the said Sam Exktrom the sum of eighty dollars ($80) lawful money of the United States of America, and then and there unlawfully, corruptly, extorsively and by color of his said office, did extort, levy and demand a promise of the said Sam Exktrom the balance of said sum of one hundred dollars ($100) to wit: the additional sum of twenty dollars ($20), lawful money of the United States of America, to be paid forthwith to one Jasper Hollman for him the said George L. Wainwright, as coroner aforesaid, and which said sum of twenty dollars ($20), on, upon or about the said 18th day of February, 1907, was paid by the said Sam Exktrom to the said Jasper Hollman for the said George L. Wainwright, as coroner aforesaid, and all of which said sums of money aforesaid were then and there, as aforesaid, extorted, levied, demanded and received by the said George L. Wainwright, as such coroner of and from the said Sam Exktrom, as and for a fee for services in his the said George L. Wainwright's official capacity as county coroner aforesaid in connection with an inquest upon one McGovern and which said sums of money aforesaid so extorted, claimed and received for fees, were greater than is stated and allowed by law; contrary to the law in such cases made and provided and against the peace and dignity of the people of the state of Washington."

The statute invoked in behalf of the prosecution is found in Bal. Code, § 7218 (P. C. § 1730) and is as follows:

"If any officer, whose fees are stated by law, shall corruptly exact or extort any greater fees for any services than by law are stated and allowed, or shall levy, demand, receive, or take under color of his office any bond, bill, or note, or other assurance or promise whatever, securing the payment of a greater sum of money for any service than he is by law authorized to demand or receive, he shall, on conviction thereof, be imprisoned in the county jail not exceeding one year, and be fined in any sum not exceeding one thousand dollars."

It will be observed that, briefly stated, the statute defines the crime as the corrupt exaction of greater fees for official services than are allowed by law, or the taking under color

of office of a promise securing the payment of fees in excess of those stated by law. The information in this case makes averments which extend to both phases of the statute; that is to say, the charge is made that $80 was actually exacted and received by appellant, and also that he exacted a promise for the payment of $20 more. The statute refers to "greater fees for any services,". which can only mean for *some* services actually rendered by the officer in the line of his official duties. The information charges that the exaction was made as a fee for services of appellant in his official capacity as county coroner in connection with an inquest upon one McGovern. The proofs, however, do not sustain the information. The appellant held no inquest whatever upon the body of said McGovern. There is no dispute about this. The claim as made in the testimony of the state is that appellant suggested to one Exktrom, who is mentioned in the information, that if an inquest should be held the result might involve Exktrom as in some way connected with the cause of McGovern's death. Exktrom claims that appellant proposed to him that, if he would pay to appellant $100 as the county's expenses in the matter, no inquest would be held; that Exktrom at once procured and paid to appellant $80 in cash and promised to procure and deliver to another for appellant $20 more. Appellant denies that he ever made such a proposition, and denies that he received $80 cash or any other sum from Exktrom, but says he decided not to hold an inquest, and thereupon Exktrom, who said he was a friend of the deceased, volunteered to say that he would raise and pay $20 so that the county would be at no expense in the matter..

Concerning the relative weight of this testimony, we have nothing to do, as that was for the jury if the cause should have gone to the jury. But we have stated the respective theories advanced in the evidence of both the state and the accused in order that it may be seen that the appellant rendered no actual services for which he could charge even legal fees, and that Exktrom was under no legal obligation in the

premises to pay any sum as fees. Without the right existing upon the one hand to demand legal fees for services actually rendered, and without the obligation of Exktrom upon the other hand to pay lawful fees, there could have been no extortion of "greater fees," for clearly the statute contemplates an exaction of an excessive amount when the right exists to demand *some* amount within lawful provisions because of actual services rendered. In other words, the exaction must be for real or pretended official services demanded of one who at least believes himself to be under legal obligations to pay something, and not for merely declining to discharge an official service, the demand being made of one who is not, and who knows he is not, under legal obligations to pay any amount.

"Consequently the evidence must show that the fees were for real or pretended official services, and that they were demanded from some one from whom the officer had a right to demand them." 5 Ency. of Evidence, p. 719.

See, also, *Collier v. State*, 55 Ala. 125; *Runnells v. Fletcher*, 15 Mass. 525; *Shattuck v. Woods*, 1 Pick. 171; *Hays v. Stewart*, 8 Tex. 358; *Ferkel v. People*, 16 Ill. App. 310. Motion in arrest of judgment was made by appellant, on the ground that the evidence was not sufficient to sustain the charge. The motion was denied. For the foregoing reasons, we think the denial of the motion was erroneous.

The judgment is therefore reversed, and the cause remanded with instructions to vacate the judgment, to grant the motion in arrest of judgment, and to dismiss the action.

FULLERTON, MOUNT, and RUDKIN, JJ., concur.