

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 15, 1939

Honorable Stanley Timmins
County Attorney
Harrison County
Marshall, Texas

Dear Sir:

Opinion No. 0-310
Re: Authority of county auditor to
institute suit for benefit of
county to recover money paid out
under void contract.

This Department is in receipt of your letter of February 22, 1939, in which you request our opinion as to whether a county auditor is authorized to bring suit for the recovery of county funds illegally paid out under a void contract on the refusal of the commissioners' court or the county treasurer to bring such suit, under the authority of Article 1651, Revised Civil Statutes, 1925, or under any other theory of the auditor being a part of the system of checks and balances over the commissioners' court under our theory of government.

Article 1651, Revised Civil Statutes, 1925, provides as follows:

"The auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances."

Other provisions of Title 34, Chapter 2, Revised Civil Statutes, 1925, as amended, provide in greater detail how the county auditor shall exercise his general oversight of the books and records of the county officers and see to the strict enforcement of the law governing county finances. In none of these statutes do we find specific provisions authorizing the county auditor to bring suit to recover funds paid out under a void contract.

In Looscan v. County of Harris, 58 Tex. 511, the District Attorney brought suit against Looscan and other county officials for the purpose of recovering from Looscan certain moneys alleged to have been illegally paid him under a contract entered into with the Commissioners' Court and for the further purpose of enjoining the county officials from making any further payment under this contract. The court held that the District Attorney was without authority to bring the suit against the will of the Commissioners' Court and stated:

"The Commissioners' Court undoubtedly has the right to cause suit to be instituted in the name and for the benefit of the county, and except where a concurrent right to do the same thing, or where an exclusive right in a specified case or cases is conferred upon some other tribunal or some other officer of the government, the Commissioners' Court must be deemed to be the quasi executive head of the county, vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county."

In Terrell vs. Greene, 31 S.W. 631, the Supreme Court again stated:

"There are many instances in which it might be necessary to bring suit in the name of the county, or in which suit might be instituted against the county, not embraced in the terms of Article 260. In such cases, the Commissioners' Court would have the right to control the institution of such suits, because it has not been permitted by law to any other officer or tribunal; . . ."

Hoffman vs. Davis, (Commission of Appeals, 1037), 100 S.W. (2d) 94, is a recent case in which taxpaying citizens of the county brought suit against the County Judge and Commissioners, together with the sureties on their official bonds to recover for the alleged unlawful expenditures by such officers of county funds. While the court recognized that in the majority of other jurisdictions taxpaying citizens may institute and prosecute a suit to recover money unlawfully expended, it was held that under our decisions we have established a contrary rule, and that such action should be brought by the County Treasurer under Article 1710, which provides:

"The County Treasurer shall keep a true account of the receipts and expenditures of all moneys which shall come into his hands by virtue of his office, and of the debts due to and from his county; and direct prosecution according to law for the recovery of all debts that may be due his county, and superintend the collections thereof."

The Court stated:

"Ordinarily the Commissioners' Court alone determines whether litigation shall be instituted in behalf of the county, but in this instance the majority of that court are the ones charged with dereliction of duty, and it is therefore in no position to act for the county. In that situation under the foregoing statute, the County Treasurer, to whom the bonds are payable, has the statutory authority to protect the County's right and direct the institution of suit in his name for the use of the county upon these bonds."

The court then referred to Looscan vs. County of Harris, supra, and stated:

"This court, as to determining that there was no statute authorizing the District Attorney to institute the suit, announced the rule that, since the right to do so was vested in the Commissioners' Court, that right must be held to be exclusive.

"As above pointed out, both the Commissioners' Court and the County Treasurer are vested by statutes with the right to institute this litigation. Since the former is in no position to act, the right of the latter to do so is exclusive, unless there is conferred upon the County or District Attorney by Article 339 the concurring right ... a question which we need not determine."

As we interpret these decisions, the Supreme Court has consistently remained committed to the proposition that suit for the benefit of the county must be instituted by the Commissioners' Court, unless some statutory provision may be found authorizing some other office to bring such suit.

It is, therefore, our opinion that the County Auditor does not have authority to institute a suit for the benefit of the county to recover money paid out under a void contract, notwithstanding the Commissioners' Court and the County Treasurer refuse to bring the action.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Cecil C. Cammack

Cecil C. Cammack
Assistant

CCC:N:egw
APPROVED APR 15, 1939
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS