

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. O-5375
Re: Authority of Commissioners'
Court to take action against
the maintenance of a levee
that causes floods on pri-
vately owned lands and on
county roads.

This is in reply to your request for an opinion,
stated in your recent letter as follows:

"In the south part of Waller County, a
levee has been constructed by certain rice
farmers which causes the blocking of the
natural drainage, thereby flooding a number
of farmers around said levee and also flood-
ing the county roads, the dam made by this
levee blocking the only outlets of drainage.

"The Commissioners' Court of Waller
County is anxious to correct this situation
caused by the building of this levee on pri-
vate property, since such correction is in
the interest of our county system of roads
as well as public interest.

"Will you please notify me just what
authority the Commissioners' Court has over
this situation?"

Honorable W. P. Herms, Jr., Page 2


We will not decide the question of whether the rice farmers have built the levee in question wrongfully or negligently or whether the building of said levee has resulted in floods on other peoples' land, but for the purpose of your question we will only discuss what action the Commissioners' Court can take in the event said levee has actually been constructed so as to cause flooding to the county roads and other peoples' land without the consent of the custodians and owners of said roads and lands.

We assume that the levee in question was made by the rice farmers as an irrigation improvement to aid them in irrigating their rice lands. Therefore, Article 8028, Revised Civil Statutes of Texas, which provides for the regulation of the building of levees, does not apply because it contains a provision as follows:

" . . . . Provided, that the provisions of this section shall not apply to dams, canals or other improvements made or to be made by irrigation, water improvements or irrigation improvements made by individuals or corporations."

The right of the neighboring farmers for redress of their injuries as a result of the floods caused by the building of said levee is a private right; and the State and its political subdivisions, such as Counties, cannot prosecute actions for the protection of private rights. The State has created courts in which the rights of persons and property can be protected and disputes between citizens litigated. A citizen who believes that his property has been injured because of the wrongful act of another should go into court and bring the proper action to redress the wrong done to him. The State will not bring the action for him. In 59 Corpus Juris. 324 it says:

" . . . . a state is neither a necessary nor proper party plaintiff to a civil action which involves merely the protection of a private right or the redress of a private wrong, in which the state or the public is in no way interested . . . ."

Honorable W. P. Herms, Jr., Page 3

If the State's property is injured, or a public wrong is committed, by someone the State can go into court and prosecute an action, but it cannot prosecute an action to redress a private wrong. In the case of Ex parte Hughes 133 Tex. 505, 129 S.W. 2nd 270, the Supreme Court of Texas said:

"... The State can go to court to enforce its own property or civil rights, and the property or civil rights of the public in general. By public in general is meant the entire public, not merely rights of interest to some particular group, even though that group may be of large proportions."

In the case of Jefferson County Drainage Dist. No. 6 v. Southwell, 32 S.W. 2nd 895, it was held that a drainage district could not maintain a suit to abate a nuisance caused by a dam built by individuals and which only injured nearby landowners, but that only said injured land owners could maintain such suit.

Because of the foregoing reasons, we are of the opinion that the Commissioners' Court has no authority to take any action because of the "flooding of a number of farmers" as a result of the building of said levee.

On the question concerning the flooding of the county roads, we are of the opinion that the Commissioners' Court can take some action.

Article 2351, Revised Civil Statutes of Texas, provides in part as follows:

"Each commissioners court shall:

" . . . .

"6. Exercise general control over all roads, highways, ferries and bridges in their counties.

" . . . ."

Honorable W. P. Herms, Jr., Page 4

The authority of the Commissioners' Courts which arises by
virtue of the powers conferred upon them by the Legislature
is expressed in 11 Texas Jurisprudence 565, 566 as follows:

> " . . . . the county commissioners' court
> is the active governing body of the county,
> with a jurisdiction that touches in some res-
> pect almost every feature of the county's
> business, and the court has full and general
> charge of the business affairs of the county.
> . . . . And it is held that the commissioners'
> courts have implied authority to do what may
> be necessary in the exercise of the duties or
> powers conferred upon them."

This authority includes the filing of suits, if necessary,
in order to carry out their powers.  In the case of Looscan
v. County of Harris, 58 Tex. 511, the court said:

> "The commissioners' court, presided over
> by the county judge, is virtually a council
> vested with power to manage and direct all such
> material and financial interests of the county
> as the laws of the state have confided to its
> jurisdiction.  The management of the financial
> affairs of the county have always heretofore
> been vested in tribunals which have existed at
> different times under various names and desig-
> nations, such as county court, commissioners'
> court, etc.; they have, however, all been
> clothed with similar powers, and like duties
> have been imposed upon them.  The commissioners'
> court undoubtedly has the right to cause suits
> to be instituted in the name of and for the
> benefit of the county, and except where a con-
> current right to do the same thing, or where
> an exclusive right in a specified case or cases
> is conferred upon some other tribunal or some
> other officer of the government, the commis-
> sioners' court must be deemed to be the quasi
> executive head of the county, vested with ex-
> clusive power to determine when a suit shall
> be instituted in the name of and for the bene-
> fit of the county."

Honorable W. P. Herms, Jr., Page 5

To the same effect is the holding of the court in the case of Brite v. Atascosa County, 247 S.W. 878, in which it was said:

> " . . . . . The statute (article 1365) expressly makes each county a body-corporate and politic, and as such it undoubtedly had the power and authority to institute suits and defend against those brought against it. The Constitution of Texas recognizes counties as municipal corporations along with cities and towns . . . ."

As the Commissioners' Court has control over the county roads and as said court has the implied authority to do what is necessary in order to carry out the powers conferred upon it even to the extent of instituting suits in the name of and for the benefit of the county, we see no reason why the Commissioners' Court could not institute a suit to prevent an unlawful interference with the county roads. In 25 American Jurisprudence 618 this particular subject is discussed in words as follows:

> "Injunction ordinarily lies at the suit of the proper public authorities to prevent an unlawful obstruction of or encroachment upon a public way which interferes with the enjoyment of the public right, to prevent the creation or maintenance of a nuisance therein, or to compel the removal or abatement of such an obstruction, encroachment, or nuisance. A governmental agency which owns the fee of the street or other highway may also, in a proper case, maintain an action to enjoin an unlawful obstruction thereof, upon the ground that such obstruction amounts to a trespass . . . ."

In the recent case of State v. Dickey, 158 S.W. 2nd 844, the State brought suit against an individual for damaging a bridge on a highway controlled by the State through its State Highway Department.

904

Honorable W. P. Herms, Jr., Page 6

Our answer to your inquiry is that the Commissioners' Court of Waller County has no authority to take any action on behalf of the farmers whose lands have been flooded as a result of the building of the levee by other persons. Said farmers are entitled to take action on their own behalf. However, it is our further answer that the Commissioners' Court is entitled to institute suit in the name of and for the benefit of the county to enjoin the maintaining of said levee in a manner that will cause flooding of the county roads. Of course, we are not indicating the outcome of such a suit, because that will depend on the facts that are developed during the trial.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

JUN 24, 1941

CCR:ff



APPROVED
OPINION
COMMITTEE