## CHICAGO, R. I. & G. RY. CO. v. STATE.
### (No. 10754.)

(Court of Civil Appeals of Texas. Fort Worth. June 28, 1924.)

District and prosecuting attorneys ⊗⇒9—Railroad commission cannot authorize county attorney to sue for penalties.

Rev. St. art. 6675, does not empower railroad commission to authorize county attorney to institute suit against railroad company for penalties, prescribed in article 6591, for failure to keep depots warm; he being authorized to do so only by direction of Attorney General under article 6673.

Appeal from District Court, Montague County; H. R. Wilson, Special Judge.

Suit in the name of the State, by Paul Donald, as County Attorney of Montague County, and his successor, against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and suit dismissed.

Benson & Benson, of Bowie, and Lassiter & Harrison, of Fort Worth, for appellant.

T. H. Yarbrough, of Montague, and Chancellor & Bryan, of Bowie, for the State.

DUNKLIN, J. The Chicago, Rock Island & Gulf Railway Company has appealed from a judgment rendered against it in favor of the state of Texas by the district court of Montague county for the sum of $4,500 as penalties for the alleged failure of the railway company to keep its depot or passenger house, maintained by it in the town of Bowie, warm for the benefit of its passengers for one hour before the arrival and one hour after the departure of its passenger train, in accordance with the requirement of article 6591, Revised Statutes. The suit was instituted by Paul Donald, as county attorney of Montague county, in the name of the state of Texas, but was later prosecuted by T. H. Yarbrough as county attorney, he having succeeded Paul Donald in that office.

The record shows that the trial was had upon an amended petition filed by Mr. Yarbrough. In that petition it was alleged that the commissioners' court of Montague county made an order authorizing Paul Donald, as county attorney, to institute the suit and collect the penalty sued for; that after the institution of the suit the railroad commis-

sion made an order ratifying the action of Paul Donald in instituting the suit, and authorized him to prosecute it, the same as if he had received permission of the commission before the suit was filed.

The petition alleged the failure of the defendant company to keep its passenger station at Bowie warm for a total of 242 days, beginning September 1, 1921, and ending May 1, 1922, for passengers desiring to travel on defendant's passenger train which was scheduled to stop at Bowie at 4:57 a. m. of each day. The order of the commissioners' court and that of the railroad commission already mentioned was the only authority alleged to institute and prosecute the suit for and in behalf of the state of Texas.

Both by exception to plaintiff's petition and by plea in abatement the defendant challenged the authority of the county attorney to maintain the suit for and in behalf of the state. An assignment of error presents the contention that the evidence was insufficient to show such authority and right. That question has been definitely determined in favor of the appellant by our Supreme Court in the case of Moore v. Bell, Attorney General, 95 Tex. 151, 66 S. W. 45. Article 6591 of the statutes, upon which the suit is predicated, fixes a penalty of $50 against any railroad company failing to comply with the requirements of that statute. Article 6675 reads, in part, as follows:

"It is hereby made the duty of such railroad commission to see that the provisions of this chapter and all laws of this state concerning railroads are enforced and obeyed, and that violations thereof are promptly prosecuted, and penalties due the state therefor recovered and collected. And said commission shall report all such violations, with the facts in their possession, to the Attorney General, or other officer charged with the enforcement of the laws, and request him to institute the proper proceedings; and all suits between the state and any railroad shall have precedence in all courts over all other suits pending therein. * * *

"It shall be the duty of the commission to investigate all complaints against railroad companies subject hereto, and to enforce all laws of this state in reference to railroads."

Following are provisions of article 6673:

"All of the penalties herein provided, except as provided in article 6671, shall be recovered and suits thereon shall be brought in the name of the state of Texas in the proper court having jurisdiction thereof in Travis county, or in any county to or through which such railroad may run, by the Attorney General, or under his direction; and the attorney bringing such suit shall receive a fee of fifty dollars for each penalty recovered and collected by him, and ten per cent. of the amount collected, to be paid by the state. In all suits arising under this chapter, the rules of evidence shall be the same as in ordinary civil actions, except as otherwise herein provided; * * * and be it further provided, that, it is hereby made the duty of the railroad commission of Texas, the Attorney General, and the district and county attorneys of this state, under the direction of the Attorney General, to see that the provisions of said act are enforced and obeyed, and penalties due the state are recovered and collected; and said commission shall report to the Attorney General all violations within their knowledge, with the facts in their possession, and request him to institute, or have instituted, the proper proceedings for the recovery of any penalty that may be due the state."

The two articles of the statutes last referred to were part of the same act and chapter which was passed in 1891. In the case of Moore v. Bell, supra, it was held that article 6673, which was then article 4577, showed that it was the intention of the Legislature that suits against railway companies for penalties prescribed by statute should be instituted in the name of the state of Texas by the Attorney General, or by district and county attorneys of the state under his direction. The provision in article 6675 that the railroad commission shall report all violations of the laws of the state concerning railroads "to the Attorney General or other officer charged with the enforcement of the laws and request him to institute the proper proceedings," did not empower the commission to vest in the county attorney authority to institute such suits, since the official duties of the county attorney are fixed by statute. If the county attorney had been directed by the Attorney General to institute the suit, then he would have lawful authority to do so, because of the provisions of article 6673. But, in the absence of any direction of the Attorney General the county attorney had no such authority. See Wexler v. State (Tex. Civ. App.) 241 S. W. 231. No statute has been cited, and we have found none, which authorizes the commissioners' court to order the county attorney to institute a suit in the name of the state of Texas for penalties prescribed in article 6591.

There is no showing in the record either by pleading filed for the plaintiff or by proof that the county attorney instituted the present suit under the direction of the Attorney General of the state, and, in the absence of such a showing, the judgment must be reversed, and the suit dismissed without a determination of the merits of other assignments presented in appellant's brief the disposition of which becomes unnecessary.

BUCK, J., not sitting.