## JOE YOWELL V. THE STATE.

No. 16387. Delivered March 14, 1934.
Reported in 69 S. W. (2d) 413.

The opinion states the case.

W. O. Seale, of Lufkin, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of 2 years.

The testimony adduced by the state upon the trial shows that on the night of the 16th of February, 1933, the warehouse of Mr. L. J. Massengill was entered and a case of marshmallows was broken into and some two or three packages taken out. The marshmallows were of the Angelus brand. The appellant and one Scott were in the town of Lufkin on said night driving around the town and were arrested by the city marshal who searched their car and found a pistol on the floor of the car near their feet. They were taken to jail and their car was parked on the side of the street near the jail. The next morning about 8 or 8:30 o'clock, Mr. Massengill discovered that his warehouse had been broken into and that a case of marshmallows was broken and some two or three packages taken out. He also discovered some tracks in the flour bin, one of which showed that the shoe had a broken place about the ball of the foot. After he had notified the officers of the burglary, they

again searched appellant's car and found therein a package of marshmallows bearing the same brand as those carried by Mr. Massengill in his store. They also found a 38 Colt pistol under the seat, a pinch bar, and a hammer. They also discovered what appeared to be flour on the running board and top of the car. The officers then went to the jail and took a pair of shoes to the store and fitted same into the tracks and the shoes apparently fitted the tracks perfectly.

The appellant's first complaint is that the court erred in overruling his first application for continuance based on the absence of Earl Ridgeway. In his application he established that he expected to prove that on the morning when it was discovered that Mr. Massengill's warehouse had been burglarized (with which offense the appellant is charged) he was in jail at Lufkin and so was Earl Ridgeway; that during said day a deputy sheriff took some shoes from the jail for the purpose of ascertaining if they would fit the tracks found in the warehouse; that the said Earl Ridgeway, if present, would testify that the shoes taken out of the jail by the officers were not the shoes of the appellant; the application further alleged "that defendant does not know of any other witness by whom such proof can be made; that defendant had process issued for said witness and the witness had been duly summoned as shown by the officer's return thereon; that said witness had been in attendance upon court at each and every term since said time and that he was not absent with the consent or by procurement of defendant, etc." Said motion was overruled, to which ruling appellant excepted and asked for an attachment for said witness. The attachment was immediately issued by the clerk of the court but was not served on said witness although the witness at the time was staying with his grandmother in the eastern part of the town of Lufkin, Angelina County, Texas. It appears to us that this application for continuance should have been granted. There was no property found in appellant's possession which was taken from the burglarized warehouse unless it was the package of marshmallows which were not identified as some of those taken from said warehouse. Hence, the state had to rely upon comparison of the shoes with the tracks in the warehouse besides some other minor circumstances. It is true the county attorney testified upon the hearing of the motion for new trial that the shoes were taken off of the feet of the appellant and then taken to the warehouse and fitted into the tracks, but the witness Ridgeway, who also testified at the hearing of the motion for new trial, was just as positive that the shoes were not taken off of the feet of the appellant but were shoes

that were lying on the floor in the cell of the jail and were not the shoes of the appellant. · This testimony, it appears to us, was very material to the appellant. It raised an issue of whether the shoes which were taken from the jail for comparison with the tracks in the warehouse were appellant's shoes and were taken from his feet or were shoes which belonged to some other prisoner. It raised an issue which the appellant had a right to have passed upon and determined by the jury, and in support of the views herein expressed we refer to the following cases: Eppison v. State, 82 Texas Crim. Rep., 364; Thomas v. State, 51 Texas Crim. Rep., 329, 101 S. W., 797; Wilson v. State, 190 S. W., 155; White et al. v. State, 236 S. W., 745; Mathason v. State, 89 Texas Crim. Rep., 136.

By bill of exception No. 6 appellant complains of the action of the trial court in permitting the witness R. C. Chancey to testify as follows: "I did not find anything in that car other than that little package of marshmallows that was stolen," to which the appellant objected because it was an opinion of the witness and it had not been shown that the package of marshmallows was stolen or that it came from the alleged burglarized store, which objection was by the court overruled and the appellant excepted. It appears to us that this was clearly an opinion of the witness which was permitted to remain with and be considered by the jury as a statement of a fact. It conveyed to the jury the judgment of the witness that the marshmallows were not only stolen but were stolen by the appellant from the store of Mr. Massengill. That this testimony was prejudicial and harmful is obvious. In the case of Bennett v. State, 39 Texas Crim. Rep., 639 (649), the state was permitted to prove by the sheriff, Tom Bell, that he had exercised every effort possible to ferret out the perpetrater of the homicide and that he stayed in the neighborhood several days investigating everybody he could. This was objected to because it was a conclusion of the witness, etc. This court, in passing upon the question, said: "It was certainly very commendable in the sheriff to use every exertion possible to ferret out the guilty party. But that affords no reason why this matter should be paraded before the jury, and such testimony can never be admissible. This character of testimony could not fail to impress on the jury the fact that the sheriff had been diligent. He had exhausted every effort to hunt down the guilty party, and he had finally centered on the defendant, and had him arrested and indicted." The case under consideration is one of circumstantial evidence, and the testimony of the officer that he found a package of the stolen marshmallows in the automobile of the appellant was clearly an ex-

pression of an opinion of the guilt of the appellant and was prejudicial and hurtful.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.