## LOARD v. COMO et al.
### No. 14082.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 16, 1940.

Rehearing Denied March 15, 1940.

W. F. Clark, of Dallas, for appellant.

James H. Como, Jr., of Dallas, for appellees.

SPEER, Justice.

W. C. Loard instituted this suit for an injunction to restrain James H. Como, Jr., from acting in the capacity of City Attorney of the City of Lewisville, and to require the City Council of said City to terminate the employment of Como and to revoke an ordinance theretofore passed authorizing the contract.

Upon a hearing, the District Court of Denton County denied the relief sought, and Loard has appealed. The parties will be designated here as they were in the trial court, except when necessary to refer to them by name.

Plaintiff bases his appeal upon two assignments of error, which, in effect, assert: (a) that it was error for the trial court to hold that James H. Como, Jr., was an employee of the City of Lewisville, and not an officer of the city; and (b) since Mr. Como performs all the duties incumbent upon a City Attorney and assumes to act for the City in that capacity, and because he does not possess the residential qualifications of an official of said City, plaintiff's relief should have been granted.

The case was tried upon stipulated facts, to the effect that the City of Lewisville is situated in Denton County, Texas, is duly incorporated as a town of more than six hundred inhabitants, and has complied with the terms of Title 28, R.C.S., Vernon's Ann. Civ.St. art. 961 et seq. That plaintiff is a bona fide tax paying resident of said City; that James H. Como, Jr., is a regularly licensed and practicing attorney, residing in Dallas, Dallas County, Texas. In August, 1939, the City Council passed an ordinance abolishing the office of City Attorney for the City of Lewisville. Thereafter, the

City Council passed an ordinance authorizing the Mayor and Secretary to enter into a contract of employment by the City of Lewisville with James H. Como, Jr., as special counsel for the City, to serve as such counsel under supervision and direction of the City Council, in all matters pertaining to the proper and orderly transaction of the business of the municipality. The ordinance is set out in full and one section reads as follows: "In the employment of said attorney it shall be agreed and understood that at no time during such employment shall he (Como) be vested with any of the rights ordinarily possessed by a city attorney, but, to the contrary, it shall be understood and agreed that the said James H. Como, Jr. shall at all times be an employee and not a City Attorney, or any other officer of said City." The concluding paragraph of the ordinance reads: "Said employment shall be terminated by either party at any time upon thirty days written notice to the other party."

Further stipulations show that at the time the ordinance was passed and a contract made in conformity therewith, the City Council was formulating plans for an equalization of property values for taxing purposes, endeavoring to collect delinquent taxes, realize upon judgments theretofore obtained against tax payers, to ascertain the names and residences of owners of property within the city subject to taxes and many other things about which it is agreed that the Council stood in need of legal advice. The stipulation enumerates many services performed by the attorney for the City in the performance of his contract. It is unnecessary to enumerate them here. He was paid by the City for such things done by him under the instructions of the City Council.

Plaintiff's action was based upon the theory that since the duties which Como was employed to perform for the city were those enjoined by law upon a City Attorney, Como's employment and his services rendered under the contract constituted him a City Attorney of the City of Lewisville; that Como was not a resident of the City nor of the county, but a resident of Dallas, Dallas County, Texas, and therefore was disqualified under the law to act in the capacity of City Attorney.

Article 977, R.C.S., enumerates the officers of a City incorporated under Title 28. Among those named is a City Attorney. That article also provides that the City

Council may by proper ordinance dispense with the office of City Attorney along with other offices named, and may confer the duties of those officers upon other officers of the City. Nowhere, insofar as we have been able to find, do our statutes prescribe the duties of a City Attorney nor his compensation. These duties are matters to be determined by custom and usage embracing the relation of attorney and client. The compensation is necessarily determined by ordinance.

It is a matter of common knowledge, such as we may take judicial cognizance of, that municipalities often have to litigate in the courts of the country. They of necessity must employ counsel to represent them. Under Article 962, R.C.S., such municipalites are made bodies politic, capable of contracting and being contracted with, suing and being sued in the several courts of the State. Only licensed attorneys in good standing may practice law in the courts and represent the interests of their clients. Municipalities, as such, cannot do this, but must be represented by an attorney.

It is contended by plaintiff that under the provisions of Article 977, supra, wherein the City Council attempted to abolish the office of City Attorney, it is required that the usual and customary duties of that officer must of necessity be conferred by the Council upon some other officer or officers of the City, and not upon some other person residing outside the City. Such contention cannot be sustained. In the first place, conferring those duties upon another officer of the city is not made mandatory by the statute, but is directory in that the article, in that respect, reads: " * * * and the powers and duties herein prescribed for such officers may be conferred by the council upon other officers." The duties of other officers in the class referred to are defined by law, but those of the City Attorney are not.

In the second place, it will be observed from what we have said relative to litigation in the courts involving municipalities, they must be represented by attorneys qualified to practice law. If it may be assumed that the duty of a City Attorney is to represent the City in such litigation, and that there are no other officers of the City who can so practice that profession, those duties could not as a matter of law be enjoined by the council on any other city official. It must follow, then, that in some instances

where the office of City Attorney has been abolished, the council would of necessity be compelled to employ a lawyer to represent the city in the courts.

This further observation may be significant in the construction we are placing upon Article 962, supra. In the enactment of that article, the Legislature must have known that in small towns qualifying thereunder, some one of which would not be a county seat, in all probability there would be no practicing attorneys residing therein. Certainly the Legislature did not intend to deprive such small municipalities of procuring legal advice and counsel to aid their governing bodies in their corporate affairs. Indeed, it is not unreasonable to assume that there would be no person residing therein who could or would qualify for the office of City Attorney. Hence, the provision of statute authorizing the City Council to dispense with the statutory office, and enjoin the usual duties of such officer upon another.

■ Insofar as we have been able to ascertain, the question now before us has not been decided by any appellate court of this State. The stipulation of facts upon which the case was tried reveals that Mr. Como was employed by the City Council to aid and assist it in all legal matters in which the municipality had an interest, including litigation in the courts; that he was in no way disqualified to perform those duties. The above quoted provision of the ordinance under which he was employed specifically states that he is in no sense to be considered an officer of the City but an employee, and that his employment may be terminated at the will of the council upon giving thirty days' written notice thereof. The fact that the attorney's employment is general and continues until terminated in the manner provided, in no sense of the word makes him an official of the city. He is an employee, subject to discharge by the council, the same as any other person employed by the council for a specific duty.

■ There are material distinctions between one occupying an official position and another who performs duties purely by virtue of employment. An official may be and often is elected by the resident electors; he subscribes the oath of office and is entrusted with the performance of some of the sovereign functions of government; is subject to removal for failure to so perform the duty or for misconduct or malfeasance in office; his election or appointment is for a definite period of time and his services thereby become continuing and permanent rather than temporary and transitory, as is the case of an employee under a contract, such as the one in the instant case. 34 Tex.Jur., pp. 325, 326, § 4. See, also, the many cases there cited, especially that of Commissioners' Court of Limestone County v. Garrett, Tex.Com.App., 236 S.W. 970, adopted by the Supreme Court.

Kindred subjects to the one confronting us have been before our courts which we think shed light to guide us in this case. Article 2748, R.C.S., denominates certain school districts, bodies politic, with power to sue and subject to being sued. In Arrington et al. v. Jones et al., Tex.Civ. App. 191 S.W. 361, it was held that the power conferred by statute on the trustees of such a school district to manage and control the schools therein, would inherently give them power to employ counsel to represent them in the courts, while in the performance of those duties.

Other courts in this State have held that municipalities have the power, acting through their councils, to employ attorneys to aid and assist the regularly elected and qualified City Attorneys, and to appropriate funds from the City's treasury to compensate such employed attorneys. City of Corsicana v. Babb et al., Tex.Com.App., 290 S.W. 736; Sutherland et al. v. City of Winnsboro, Tex.Civ.App., 225 S.W. 63. Likewise, the Commissioners' Court, acting in behalf of the county, may employ counsel for a specific duty, in aid of the county attorney, to represent the county in litigation. Adams et al. v. Seagler et al. 112 Tex. 583, 250 S.W. 413; Rusk County v. Maloney, Tex.Civ.App., 38 S.W. 2d 868, writ refused. The cases cited are not considered decisive of the point here involved, but the reasoning in each is persuasive and has aided us in reaching our conclusions herein expressed.

Upon request, the trial court filed findings of fact and conclusions of law. Plaintiff has not complained of either. The facts found are as stipulated by the parties. Based upon the facts found, the court concluded as a matter of law that the City of Lewisville had complied with the provisions of Article 961, R.C.S., in forming its municipal corporation; that the City had authority to dispense with the office of City Attorney; it had a right to employ an attorney to assist the council in the

performance of governmental functions. That James H. Como, Jr., was not an official of the City of Lewisville, but was an employee, and that plaintiff was not entitled to injunctive relief against the attorney to prevent him from performing the duties for which he was employed, and that the City should not be required to cancel its contract with him.

We find no fault with the conclusions reached by the trial court, and his judgment entered herein. The assignments are overruled and the judgment is affirmed.