

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 20, 1951

Hon. A. W. Walker                Opinion No. V-1350.
County Attorney
Dickens County                   Re: Several questions regarding
Dickens, Texas                       the proper authorities to
                                     maintain an action to re-
                                     cover funds misappropriated
                                     by a coordinator of a coun-
                                     ty veterans' vocational
Dear Sir:                            school.

Your letter states in substance as follows:

The board of county school trustees be-
lieves that a former coordinator of the coun-
ty vocational schools (veterans' schools) has
misappropriated some of the school money.
The board has voted to sue the coordinator
and his bondsman for the sum of misappropri-
ated funds. Pursuant thereto, a member of
that board requested you to represent the
board in such civil suit in your capacity as
county attorney.

You express the opinion that you, in
your capacity as county attorney, are not re-
quired to represent the county school board
in this matter. You submit the following
questions for an opinion of this office:

1. Is the county attorney required to
represent the Board of County School Trustees
of his county in a suit to recover funds al-
leged to have been misappropriated by a form-
er coordinator (employee) of veterans' voca-
tional schools of such county which are au-
thorized and operated under Article 2683b,
V.C.S.?

2. Is the Attorney General of Texas re-
quired to represent a county school board in
this type of suit?

3.  Does the Board of County School Trustees, itself, have the authority to maintain the suit indicated?

Article 2683b, V.C.S., provides as follows:

"Sec. 2.  The county school trustees of every county in the State of Texas are hereby authorized to maintain, operate and administer special schools in their respective counties and establish classes therein for the education and vocational training of veterans of World War II and also for any other educational benefits which may be provided by law for such veterans, all such schools and classes to be conducted under the jurisdiction and supervision of the respective county school boards in their respective counties. . . ."

"Sec. 3.  The State Board for Vocational Education is hereby authorized to allocate and pay to the respective county boards of trustees of the respective counties in this state, and such county trustees are hereby authorized to receive, such money as well as any private donations made for the same purpose and shall stand charged with the power and duty to maintain, operate and administer the same for the purposes above stated.

"Sec. 4.  The county school trustees are authorized to employ instructors, as they may deem necessary, and to do and perform all things which they deem proper for the successful operation of such schools, and pay for all such by warrants drawn on funds received by them for the purpose."

Attorney General's Opinion V-759 (1949) points out that the costs for the operation of the "special schools" authorized by that law are paid by the State Board of Vocational Education to county boards of trustees operating such schools out of Federal funds received by the State Board in accordance with a State plan and contract adopted by the Board and the Veterans Administration.  The Federal funds so received and placed

in the State Treasury have been appropriated to the specific purpose authorized by the Government. The State Board of Vocational Education, acting under Section 3 of Article 2683b, allocates and authorizes to be paid to each respective county board of trustees budgeted amounts needed for this program. A State warrant in lump sum for approved amounts is forwarded to participating county boards, which in turn draw warrants on these funds received and deposited by them for this purpose. Sec. 4, Art. 2683b, V.C.S.

Article 2683 provides in part as follows:

"The county school trustees of each county shall constitute a body corporate, by the name of the county school trustees of _____ County, State of Texas, and in that name may acquire and hold real and personal property, sue and be sued, and may receive bequests and donations or other moneys or funds coming legally into their hands, and may perform other acts for the promotion of education in the county. . . ."

The general authority of a county attorney, insofar as civil actions are concerned, is derived from the Constitution and statutes of this State. Section 21 of Article V of the Constitution provides as follows:

". . . The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties;. . ."

The principal purpose of this constitutional provision creating the office of county attorney was to make its main function the prosecution of criminal cases. Brady v. Brooks, 99 Tex. 366, 89 S.W. 1052 (1905); 15 Tex. Jur. 395, District and Prosecuting Attorneys, Sec. 11. This provision has been construed as not prescribing any duties for county attorneys other than such as are required to be performed for the State. Spencer v. Galveston County, 56 Tex. 384 (1882). Nor does it give to the county attorney authority to institute a proceeding unless he is given that power by statute. Wexler v. State, 241 S.W. 231 (Tex. Civ. App. 1922); Chicago, R.I. & G. Ry. Co. v. State, 264 S.W. 127 (Tex. Civ. App. 1924).

But the Legislature has, from time to time, conferred additional duties upon the county attorneys. The statutes governing county attorneys generally and providing for their duties are Articles 329-341, V.C.S. In your letter you refer to Articles 334 and 339, V.C.S.

Article 334 provides that district and county attorneys shall advise and give opinions to the various county and precinct officers. But this statute does not require a county attorney to file a civil suit for a county school board, nor does it mean that the county attorney has the right to represent the county or its county school board in all such suits. Att'y Gen. Op. 0-3656 (1941).

Article 339 provides that when it comes to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safekeeping of any public funds is neglecting or abusing the trust confided in him or is failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties and to preserve and protect the public interests. But it is clear, in the light of the provisions of Articles 2683 and 2683b, that a coordinator, an employee of a county veterans' school, is not a county officer entrusted with the collection or safekeeping of any public funds of such special schools of the county, within the meaning of Article 339. See Looscan v. Harris County, 58 Tex. 511 (1883); Bexar County v. Davis, 223 S. W. 558 (Tex. Civ. App. 1920, error ref.); Att'y Gen. Ops. 0-6534 (1945) and V-759, supra.

While there are other statutes which authorize suit by the county attorney in particular cases, as for example, Article 6716, V.C.S. (damages to public roads), we find no statutory authority or direction for his representing the county school board in civil proceedings of the nature involved in your fact situation. Accordingly, we agree that you may not properly bring the suit mentioned on your own initiative as county attorney, nor does the law require you to institute such suit as county attorney at the request of the county school board. See Att'y Gen. Op. 0-225 (1939).

Section 22 of Article IV of the Texas Constitution contains the following provision with reference to the Attorney General:

"He shall represent the State in all
suits and pleas in the Supreme Court of the
State in which the State may be a party
. . . and perform such other duties as may
be required by law."

We have been unable to find any provision in
the laws applicable to the office of Attorney General
which authorizes or requires that officer to represent
the 254 county school boards of this State in civil
suits of the nature involved in the submitted fact sit-
uation.

In view of the provision of Article 2683,
hereinabove quoted, which constitutes the county school
board a body corporate and vests it with the power to
sue or be sued in that capacity, it is our opinion that
the county school board itself would have authority to
maintain the suit indicated and to employ an attorney
to represent the board.  See Arrington v. Jones, 191
S.W. 361 (Tex. Civ. App. 1917); Stewart v. Newton In-
dependent School Dist., 134 S.W.2d 429 (Tex. Civ. App.
1939); Loard v. Como, 137 S.W.2d 880 (Tex. Civ. App.
1940, error ref.); Independent School District No. 1 v.
Common School District No. 1, 55 P.2d 144 (Idaho Sup.
1936).

### SUMMARY

Neither a county attorney nor the Attor-
ney General is required or authorized by law
to institute a civil suit at the request of a
county school board against a coordinator of
special veterans' vocational schools of the
county for recovery of school funds allocated
to and received by the county board under Ar-
ticle 2783b, V.C.S., and subsequently misap-
propriated by the coordinator.  Under Article
2783, V.C.S., the county school board itself
may maintain such a suit against the coordi-
nator and his bondsman, and may employ an at-
torney in its behalf.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant
CEO:wh

Yours very truly,

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant