

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 15, 1964

Honorable Henry Wade
District Attorney
Dallas County
Records Building
Dallas, Texas

Dear Mr. Wade:

Opinion No. C-283

Re: Whether a corporation may, through a non-lawyer, seek a writ of sequestration in a Justice of the Peace Court, or in a Small Claims Court.

In your request for an opinion from this office, you submit two questions which we quote as follows:

"1. May a corporation seek a writ of sequestration in a Justice of the Peace court through a non-lawyer employee?

"2. May a corporation seek a writ of sequestration in a Small Claims Court through a non-lawyer employee?"

Your letter reflects that you are inquiring whether a corporation may, through a non-lawyer, institute the suit, prepare the affidavit and bond and represent the corporation in court.

You call attention to Opinion No. C-82 of this office dated May 23, 1963, which held that a non-lawyer employee of a corporation who is empowered to act for the corporation may legally file a claim in the Small Claims Court in behalf of the corporation. You state that you interpret that opinion (1) to relate only to the specific facts of the example therein contained in regard to the simple filing of the petition in the Small Claims Court, and (2) to allow a non-lawyer employee of the corporation merely to file a petition in the Small Claims Court and not extending to any other action. We agree with your interpretation of that opinion.

We also agree with your conclusion that both of the above questions propounded should be answered in the negative. We will discuss each question separately, keeping in mind that we are considering the powers and jurisdiction of two separate courts.

-1351-

## 1.

## JUSTICE OF THE PEACE COURTS

In answer to your first question, it is necessary to determine whether a non-lawyer may represent another person in the Justice of the Peace Court, as distinguished from representing such person in the Small Claims Court.

There is no cause of action for a writ of sequestration. Such writ is only ancillary to a cause of action. Article 6840, V.C.S., gives seven cases in which a writ of sequestration may be issued. It is only under Sections 2, 3, and 5 of said Article that there are cases of which the Justice of the Peace Court might or might not have jurisdiction. Before any writ of sequestration can be issued in said court, there must, first, be a suit or action filed for one of the purposes mentioned in the seven cases set out in said Article.

When a suit is filed for any of the seven causes of action mentioned in Article 6840, the person filing the same is certainly engaged in the practice of law. The mere filing of the suit constitutes the practice of law.

All persons who are licensed to practice law must be members of the State Bar of Texas, and all persons not members of the State Bar are prohibited from practicing law in Texas. (Article 320a-1, V.C.S.). Therefore, since it is practicing law to file a suit in any court, the non-lawyer is prohibited from doing so, except in the Small Claims Court as hereinafter noticed. Such person has no more right to file a suit for someone else in the Justice of the Peace Court than in the County or District Courts.

Furthermore, Rule 7 of the Rules of Civil Procedure provides that "Any party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court." (Emphasis added.) A corporation cannot appear in person. The source of this rule is Article 1209 of the Revised Civil Statutes of 1895 and Article 1993 of the Revised Civil Statutes of 1925, unchanged. The court in Harkins vs. Murphy & Bolanz, 112 S.W. 136 (Tex.Civ.App. 1908, error dism.), in speaking of this statute, stated: "This statute, under the familiar maxim, 'expressio unius est exclusio alterius,' requires that a party in prosecuting or defending his suit shall do so in person or by an attorney of the court." This, by implication, excludes the right of any other to do so."

In the case of Loard vs. Como, 137 S.W.2d 880 (Tex.Civ. App. 1940, error ref.) the court held that only an attorney could represent a city in court, and said:

> "It is a matter of common knowledge, such as we may take judicial cognizance of, that municipalities often have to litigate in the courts of the country. They of necessity must employ counsel to represent them. Under Article 962, R.C.S., such municipalities are made bodies politic, capable of contracting and being contracted with, suing and being sued in the several courts of the State. Only licensed attorneys in good standing may practic law in the courts and represent the interests of their clients. Municipalities, as such, cannot do this, but must be represented by an attorney."

The same court also said:

> "In the second place, it will be observed from what we have said relative to litigation in the courts involving municipalities, they must be represented by attorneys qualified to practice law. If it may be assumed that the duty of a City Attorney is to represent the City in such litigation, and that there are no other officers of the City who can so practice that profession, those duties could not as a matter of law be enjoined by the council on any other city official."

Although this rule of law was in reference to a municipal corporation, we cannot conceive of any reason why it is not also applicable to private corporations.

The first question, therefore, is answered in the negative.

2.

### SMALL CLAIMS COURT

The statute authorizing the Small Claims Court is found in Article 2460a, V.C.S. In answering your second question, it is necessary for us to determine the power and jurisdiction of this court. As already noticed, Opinion No. C-82 of this office held that a non-lawyer employee of a corporation empowered to act for the corporation may file a claim in this court in behalf of the corporation. This opinion did not consider any question other than the question as to whether such person may file a claim in behalf of a corporation. Even though a non-lawyer may file the claim, this does not mean that he can proceed with ancillary proceedings such as seeking a writ of sequestration. While a non-lawyer should be able to fill out the form hereinafter mentioned to start the suit, he is not supposed to be qualified to handle ancillary proceedings in a lawsuit.

The statute, Article 2460a, creating this court in Section 1 reads as follows:

"There is hereby created and estab-
lished in each of the several counties
of this State a court of inferior juris-
diction to be known as the 'Small Claims
Court'. The justices of the peace in
their several counties and precincts shall
sit as judges of said courts and exercise
the jurisdiction hereby conferred in all
cases arising under the provisions of this
Chapter." (Emphasis added.)

Section 2 of said act, which limits the jurisdiction to the amount in controversy, also provides, in part, as follows:

"The Small Claims Court shall have
and exercise concurrent jurisdiction
with the Justice of the Peace Court in
all actions for the recovery of money
by any person, association of persons,
corporation or by any attorney for such
parties, or other legal entity . . ."
(Emphasis added.)

In our opinion the jurisdiction of the Small Claims Court is limited to suits for the "recovery of money" and it was not intended to give said court jurisdiction of

ancillary proceedings, such as writs of sequestration which may be sought in an action filed in a Justice of the Peace Court.  As already noticed, the statute gives this court concurrent jurisdiction with the Justice of the Peace Courts "in actions for the recovery of money."  The statute does not give such courts concurrent general jurisdiction with the Justice of the Peace Courts in any action except "for the recovery of money."

Article 6840, already noticed, provides as follows:

> "Judges and clerks of the district
> and county courts, and justices of the
> peace shall, at the commencement or
> during the progress of any civil suit,
> before final judgment, have power to
> issue writs of sequestration, . . ."

This statute, of course, was in existence before the adoption of the Small Claims Court Act.  It certainly meant and means that Justices of the Peace, as used in said Article, is intended to mean Justices of the Peace acting as Justices of the Justice of the Peace Courts, and, therefore, would not apply to the Small Claims Court.  Since the Legislature did not amend this Article so as to authorize judges of the Small Claims Court to issue the writs, we believe that such Article cannot apply to such courts, and that a Justice of the Peace sitting in such court is not authorized to issue such writ.

If the Legislature intended to give the Small Claims Court power to issue writs of sequestration, it could have given such court concurrent jurisdiction with the Justice of the Peace Court in all actions of which a Justice of the Peace Court has jurisdiction, but it did not see fit to do so, and limited the jurisdiction to "actions for the recovery of money" and did not confer jurisdiction upon said court to issue writs of sequestration as provided by Article 6840 (or, incidentally, other ancillary writs, such as attachment, Article 275, or garnishment, Article 4076),

It is also to be noticed that Section 4 of Article 2460a provides that the action shall be commenced under this act whenever the claimant files a statement under oath stating that the defendant "is justly indebted to him in the sum of $_____", and also stating the nature of the claim in concise form and that there are no counterclaims.  Section 14 of the act requires the Commissioners' Court to furnish the Justices of the Peace a supply of forms for use in filing suits.  The form provided by the statute is simple, and it is contemplated that any layman should be able to fill out the form, especially

with the assistance of the Justice of the Peace.  It certainly was not intended that a layman, unaccustomed to legal proceedings, should be qualified to prepare any of the papers or pleadings necessary for securing a writ of sequestration or other ancillary writ.  The fact that a simple form was provided solely for "the recovery of money" shows, we believe, that this is all that was intended to be done in the way of filing any pleadings.  The fact that a non-lawyer is permitted to file the suit by filling out a simple form furnished to him by the Justice of the Peace shows that it was not intended that any other pleading should be filed.

It is also to be noticed that the procedure in commencing a claim in the Small Claims Court requires a written complaint or statement under oath, whereas in an ordinary case in which a Justice of the Peace Court has jurisdiction, it is not necessary to file written pleadings.  Section 7 of the act provides that no formal pleading other than the affidavit mentioned shall be required.  All of this, we believe, goes to show that it was clearly the intention of the Legislature that nothing else should be filed.

We also call attention to Sections 5 and 5a of Article 2460a pertaining to the fees provided for in suits in the Small Claims Court.  These sections limit the fees "up to and including entry of judgment."  It is to be noticed that Section 5 provides for a filing fee of $3.00.  No other fee is provided for, except Section 11 provides for an additional fee of $3.00 if a jury is demanded, and Section 5a provides for a fee of $2.00 for service of citation.  There is nothing in the act providing that any officer shall perform any duty other than for the Justice of the Peace to hear the case and receive a fee of $3.00, and for the officer who serves citation shall receive a fee limited to $2.00.  There is no fee provided for any officer for any other service that might be performed, and since he is not required to perform any other service, we believe that it was not intended that any other action should be taken in this court.  Since no mention is made of any service other than serving the citation, we believe that it was not intended that any other service should be required of any officer.

As to sequestration, in addition to the regular fees prescribed by law, Article 6846, V.C.S., provides as follows:

> "The officer executing a writ of
> sequestration, while he retains custody
> of the property sequestered, shall take
> care of and manage the same in a prudent
> manner, and if he confides the same to
> the custody of other persons he shall be

> responsible for their acts in regard
> thereto, and shall be responsible to
> the party injured for any neglect or
> mismanagement by himself, or by those
> to whom he has confided the custody
> or management of the property."

Article 6847 provides as follows:

> "The officer retaining custody of
> property by virtue of a writ of seques-
> tration shall be entitled to receive a
> just compensation and all reasonable
> charges therefor, to be determined by
> the judge or justice from whose court
> the writ issued, to be taxed in the
> bill of costs against the party cast
> in the suit, and collected in the
> same manner as the other costs in the
> case."

Article 6848 provides as follows:

> "If the officer be compelled to
> expend any sum in the security,
> management or care of the property,
> he may retain possession of said
> property until said money be refunded
> by the party offering to replevy said
> property, his agent or attorney."

Since Sections 5 and 5a of the act limit the fees of an officer, other than the Justice of the Peace, to $2.00 for serving citation, and since there is nothing in the act pro- viding that any officer shall perform any duty other than for the Justice of the Peace to hear the complaint and an officer to serve a citation, it certainly was not intended to place the responsibility upon a sheriff or constable to handle the prop- erty as provided by the above quoted Articles pertaining to the handling of property under a writ of sequestration and pay the expenses involved as above set out. The act limits the fee to be collected to $2.00 for serving the citation. Under a writ of sequestration, the officer serving it would be required to pay the expense himself.

We again call attention to the statute creating this Court (Article 2460a) which states that it is to be a court of "inferior jurisdiction" and that the Justices of the Peace shall sit as Judges and exercise the "jurisdiction hereby conferred."

Honorable Henry Wade, Page 8 (Opinion No. C- 283)

This statute, we believe, supports our view taken herein that it is intended to limit the jurisdiction to the simple form of complaint to be filed and a hearing thereon and entry of final judgment by the Justice of the Peace.

In view of our holding that this Court is limited in jurisdiction as hereinabove stated, it naturally follows that neither a lawyer nor a non-lawyer may seek a writ of sequestration in this Court, and your second question, therefore should also be answered in the negative.

## S U M M A R Y

A corporation may not seek a writ of sequestration in the Justice of the Peace Court through a non-lawyer employee.

A Small Claims Court does not have jurisdiction to issue writs of sequestration and, therefore, neither a lawyer nor a non-lawyer may seek such writ in such court.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: H. Grady Chandler
Assistant

HGC/jp

APPROVED:

OPINION COMMITTEE,
W. V. Geppert, Chairman

Ben Harrison
Wayne R. Rodgers
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone